## CAROLINE W. BURLEN *vs.* OLIVER N. SHANNON.

Suffolk.     March 3. — September 4, 1874.     WELLS & ENDICOTT, JJ., absent.

In an action against a husband for board furnished his wife, evidence of acts of cruelty by the defendant towards her of such a nature as to justify her in leaving him, committed prior to the cause of a like action between the same parties, in which the jury returned a verdict for the defendant, and found specially that the wife " lived separate from her husband without his consent, and without any justifiable cause," and judgment was rendered accordingly, is inadmissible, although the witness offered was not a competent witness at the trial of the former action, and is competent in this.

In an action against a husband for board furnished his wife who lived apart from him, a letter of the wife to the husband was put in evidence, tending to show that the separation was not caused by her fault, and that she was willing to return. The defence then introduced testimony to the effect that the plaintiff told the witness that the wife sent the letter to evade the law, and that she did not intend to live with her husband. *Held,* that this testimony was competent only to affect the credibility of the plaintiff as a witness, and the good faith of her claim; and that evidence offered in rebuttal, that the wife did the acts in question with a different intention from that stated by the plaintiff, was rightly rejected.

Where the validity of a divorce is involved in the issue tried before a jury, objections to the sufficiency of the notice to the libellee, and to the form of the proceedings, which do not appear to have been made at the trial, are not open to an excepting party at the argument in this court.

Where a husband, whose wife is living apart from him without justifiable cause, removes from this Commonwealth to another state and acquires a domicil there

without the purpose of obtaining a divorce, and afterwards obtains a decree of divorce in that state, according to the laws thereof, and after notice to her by leaving a summons at her abode in this Commonwealth and by publication in a newspaper in that state, the courts of that state have jurisdiction of the cause and of both the parties, and the decree of divorce is, by the Gen. Sts. *c.* 107, § 55, valid and effectual in this Commonwealth as to all persons; although the wife was never in that state, had no settlement there derived from her parents or ancestors, never appeared in the suit there, had no knowledge or information that he contemplated going to that state, or that he had left this Commonwealth, till after he had filed his libel for divorce, and was never provided by him with a home or support in that state, or requested or furnished with means by him to go to that state, and was without such means.

CONTRACT for board furnished from February 22, 1860, to February 7, 1866, to Harriet M. Shannon, alleged to be the wife of the defendant.

The answer denied all the allegations in the declaration, and set up that the defendant, in 1856, legally obtained, in the proper court of the State of Indiana, a divorce from Harriet M. Shannon, to whom he was married in 1835. Trial in the Superior Court, before *Dewey*, J., who after a verdict for the defendant allowed a bill of exceptions in substance as follows:

There was no controversy in regard to the price charged for the board of Mrs. Shannon. The plaintiff introduced copies of the following records:

1st. A judgment recovered in this court in Suffolk, in 1854, by this plaintiff against this defendant for board of his wife from September 7, 1846, to May 31, 1850.

2d. The proceedings and judgment of this court in Middlesex at October term, 1852, upon a libel for divorce *a vinculo* filed by Oliver N. Shannon against Harriet N. Shannon, September 10, 1851, for desertion by the wife from September 7, 1846, to the time of filing the libel; in which the rescript filed March 11, 1853, was: " Libel dismissed, the libellant having failed to support it by his proofs; costs for the libellee, deducting therefrom the amount paid by her for depositions; " and the judgment was for costs, $121.10.

3d. The proceedings and judgment in this court in Middlesex, April term, 1855, upon a libel for divorce *a mensa*, filed by Oliver N. Shannon against Harriet M. Shannon, June 10, 1853, for desertion by the wife from October 24, 1850, to the time of filing the libel; in which the libel was " dismissed without prejudice," June 11, 1855.

The plaintiff then called witnesses to prove, and offered to prove, that Mrs. Shannon left her husband in 1846, on account of many acts of extreme cruelty, and so oft repeated, as to fully justify her leaving him.

The defendant then offered in evidence a copy of the record of the proceedings and judgment in the Superior Court in Suffolk, September term 1858, in an action brought by this plaintiff against this defendant, for board of his wife, from June 1, 1850, to July 18, 1853, and of the same case in this court in Suffolk, October term, 1860 ; by which it appeared that in that case a general verdict was returned for the defendant, and judgment entered thereon, and that at the trial certain questions were submitted to the jury, which they answered as follows :

1. " Was the verdict and judgment rendered thereon, in the case Burlen v. Shannon, in the Supreme Judicial Court, November term, 1854, recovered on the ground that the defendant's wife was justified in living separate from her husband by cruelty, or was it on the ground of absence by reason of his consent ? " Ans. " Absent by consent."

2. " Did the defendant, on his wife's return from Philadelphia in October, 1850, make a suitable provision for her in his own home, and in good faith, upon sufficient assurances, request her to return and accept of it ? " Ans. " He did."

3. " Did Mrs. Shannon, without a justifiable cause, refuse to accept the provisions so offered to her ? " Ans. " She did."

4. " Did Mrs. Shannon, during the period for which the board is claimed in the declaration in this suit, live separate from her husband, without his consent, and without any justifiable cause ? " Ans. " She did."

At the trial of that case Mrs. Shannon could not legally testify, and did not. At this trial she was a witness, and it was proposed to prove by her, as well as by others, the alleged acts of cruelty ; and the introduction of said copies was objected to. The presiding judge ruled that the special findings and judgment were conclusive ; and that no evidence of acts of cruelty by the defendant to his wife, prior to July, 1853, could be admitted.

The defendant put in evidence an authenticated copy of the record of the Circuit Court, in the county of Vigo and State of Indiana, showing the following proceedings : The defendant, on

January 15, 1856, filed in the clerk's office of said court his petition for divorce from said Harriet M. Shannon, his wife. The petition was amended on the same day. As amended, the cause alleged for the divorce was desertion by the wife from December, 1849, to January 15, 1856. A summons was issued, directed to the Sheriff of Vigo County, requiring him to summon Mrs. Shannon to appear, to answer, on the first Monday in March, 1856. On the back of the same is the return of a deputy sheriff for Suffolk county, Massachusetts, dated "Suffolk, ss., February 6, 1856," that he left on that day, "a true copy" of the summons "at the last and usual place of abode of the within named Harriet M. Shannon, said Harriet M. Shannon being in the house, as I was informed, but admittance to her being denied me by her order;" and that on same day he "delivered to J. P. Healy, Esq., attorney for said Harriet M. Shannon, a like copy." On March 20, 1856, "it appearing to the court, from the affidavit of a disinterested witness, that the defendant is not a resident of Indiana," notice of the pendency of this suit was ordered by publication, that the defendant might appear before said court, on the first Monday in September then next. At said September term, after proof of said notice by publication, the defendant was defaulted, and the cause was heard by the judge, and the record states that the court finds that the facts and allegations in the plaintiff's petition are true, and that a divorce ought to be granted ; and the court further finds from the evidence that said defendant has wilfully, and without cause, and without the plaintiff's consent, utterly deserted and abandoned the petitioner for five years consecutively, prior to the filing of said petition by the plaintiff, and now continues said desertion and abandonment ; and a divorce was decreed from the bonds of matrimony.

The plaintiff also offered evidence that Harriet M. Shannon, early in October, 1853, went to the defendant's residence in Newton, and had an interview with him. As to the conversation which occurred between them, the evidence was conflicting. The plaintiff contended that Mrs. Shannon offered, in good faith, to return and live with the defendant, and that he refused ; and the defendant contended that the wife did not offer in good faith to return, and was not refused.

It was proved that about ten days afterwards, on October 17, 1853, a letter was written by Mrs. Shannon and sent to the defendant; that he received the same on that day, but never replied to it in any manner. A copy of the letter is in the margin.* The defendant introduced a witness, who testified, in substance, that the plaintiff told him that Mrs. Shannon went to the defendant's house in October, 1853, and sent the letter to evade the law; that she did not intend to live with him, and would not.

After the defendant's evidence was closed, the plaintiff, by way of rebutting the testimony of this last witness, called Mrs. Shannon and inquired of her whether she went to her husband in October, 1853, with the sincere desire and purpose to return if her husband would receive her, and whether she made the offer to return in good faith, and whether she sent said letter in good faith. All this was objected to and excluded.

It was testified by the defendant that he started in June or July, 1855, and went into several western states, but did not stop in any of them; that in the fall of 1855, or first part of the winter, he went to Terre Haute, where the petition for divorce was drawn. It did not appear more definitely at what time he went. There was evidence, on the part of the defendant, that he removed to Indiana, on account of the ill-health of his daughter. It was proved that the defendant and his wife had not lived together since July 18, 1853.

It was testified, and there was no conflicting evidence, that Harriet M. Shannon was never in the State of Indiana; that during the years 1855 and 1856, and for years previously, she was living with her sister, the plaintiff, in Boston, about seven miles from the defendant's residence in Newton, and that the

---

* "Mr. O. N. Shannon: Dear Sir, You know I claim that I have never deserted you, as you allege in your libel for divorce against me; but that, on the contrary, I have suffered from your cruelty and desertion for a long time. Ten days since I called, as you remember, hoping to have an interview, which, I believed, would have led to a reconciliation, or an amicable arrangement of our difficulties, and also offering to return to you, both of which you distinctly refused. Now I wish to say that, upon reflection, I have concluded not to force myself upon you at present, contrary to your expressed and real wishes but if, hereafter, you should sincerely desire to receive and treat me properly, I trust I shall be ready, as I always have been, to discharge my duty towards you."

defendant during said time knew well her said residence ; that he never notified her of his intention to go to Indiana, never requested her to go, nor in any way informed her that any provision had been or would be made for her in Indiana, or that any means had been or would be furnished to defray the expenses of a journey by her to that state ; that the defendant did not in fact provide any means to defray the expenses of said journey, nor make any provision for her support in Indiana, though he was abundantly able so to do ; that Mrs. Shannon was without means to defray the expenses of such a journey ; that the defendant had no reason to believe, and did not believe, she had such means, and that the first knowledge she had of his having gone to Indiana, was the copy of the summons left by the deputy sheriff as before stated ; and it was not pretended she had any settlement in Indiana derived from her parents or ancestors.

It was proved, and there was no conflicting evidence, that Mrs. Shannon did not appear, nor employ or authorize any one to appear, in the suit for divorce in Indiana, nor in any way submit to the jurisdiction of the court in that case.

The plaintiff requested the presiding judge to instruct the jury, among other things, as follows : " 1. That, if the jury should be satisfied, from the evidence in the case, that Mrs. Shannon was never in the State of Indiana ; that she had no knowledge or information that her husband contemplated going to that state that she had no knowledge or information that he had gone from Newton, till after he had filed his libel for divorce in Vigo County, Indiana ; that she never had any settlement in that state derived from her parents or ancestors ; that he never made any provision for her support, or for any home for her in that state ; that he well knew at and prior to the times in 1855 and 1856, when he went to that state, that his wife was, and had for years, been living with the plaintiff in Boston, about seven miles from his own residence in Newton ; that he never notified her of his intention to go to Indiana, and never requested her to go, nor in any way informed her that any provision had been or would be made for her in Indiana ; that he did not provide or furnish any means to defray the expenses of a journey to that state, though he was well able so to do ; that his wife was utterly destitute of the means to defray the said expenses, and that he had no reason

to believe, and did not believe, that she had the means ; that she did not appear in said case of Oliver N. Shannon, libellant, in Indiana, nor authorize any one to appear for her, nor in any manner assume or authorize any person to assume the defence of that case ; the court in Indiana had no jurisdiction over Mrs. Shannon, and the decree of that court, dissolving the marriage relation of the defendant and his wife, would be invalid in this state.

" 2. That the facts proved, and not in dispute, that the defendant left this state and went to Indiana after having failed to obtain a divorce in this state, and instituted proceedings there to obtain a divorce so soon after the termination of proceedings here, as testified to by the defendant and shown by the records of the two cases of the defendant against Mrs. Shannon, would warrant the fair inference that he went with the intent to apply for a divorce, or that such was one of his purposes ; and that if they should be satisfied that such was the fact, there being no dispute that the cause for which the Indiana divorce was granted arose here, that divorce would be of no force or effect in this state.

" 3. That if the Indiana divorce, upon the legal principles to be stated to the jury, should be found to be of no effect in this state, then the fact of the defendant having obtained said divorce, and having relied upon it as valid during the time from its procurement hitherto, would justify Mrs. Shannon in living apart from him, and in not offering to return to him during the time the plaintiff claims, in this action, to have furnished board."

The instructions requested were not given, except as modified below, and the presiding judge instructed the jury thus : " That if the defendant had his domicil in the State of Indiana at the time of filing his petition in that state for a divorce, and it so continued until the time of the granting of the divorce, then the domicil of the wife would follow that of the husband, so as to give the court in Indiana jurisdiction of both parties ; unless the wife had prior to and at the time of the defendant's removal of his domicil from Massachusetts to Indiana, resided and lived apart from her husband in Massachusetts for a justifiable cause, and that a justifiable cause would be such wrongful conduct on the part of the husband as under the laws of Massachusetts would justify her living apart from him, as cruelty, or adultery, or his

neglecting to provide a home for her, or neglecting to make suit-able provision for her support and maintenance.

" That if the court in Indiana had no jurisdiction of Mrs. Shannon, under the foregoing rule, the divorce is not valid.

" That if the court in Indiana which granted the divorce had jurisdiction of the cause, and of both parties, and the divorce was decreed according to the laws thereof, it is valid in this state, and a bar to the present action, unless the jury find that the defend ant went to Indiana, when he was an inhabitant of this state, to obtain a divorce for a cause accruing here, and whilst the parties resided here. But if the jury find that the defendant went to Indiana, to obtain a divorce when he was an inhabitant of this state, for a cause accruing in Massachusetts, and whilst the par-ties resided here, the divorce would not be valid here, and no bar to this action. And that if the jury find that one of the causes for his going to Indiana, was to obtain a divorce under the cir-cumstances just stated, the divorce so obtained would not be valid here, and no bar to this action.

" That if the said Vigo County Court had jurisdiction of the subject of divorce, it would have jurisdiction of the cause, notwith-standing the acts complained of as the foundation for the divorce were done in Massachusetts. That the facts proved and not in dispute that the defendant left this state and went to Indiana soon after he had failed to procure a divorce here and instituted proceedings there for a divorce would warrant the jury in finding that he went there for that purpose, but it would not require them to find that was his purpose, but they would determine that question upon all the evidence in the case."

The court gave instructions in reference to the third prayer of the plaintiff, which it is unnecessary to state, as by the finding of the jury upon the legal principles stated by the court, the validity in this state of the Indiana divorce is established.

The jury returned a verdict for the defendant; and answered two questions put to them by the court, as follows :

1. " Had Mrs. Shannon, at the time of the removal of Mr. Shannon to Indiana, justifiable cause for living apart from him ? " Ans. " No."

2. " Did Mr. Shannon go to Indiana to obtain a divorce for a cause accruing in Massachusetts, and while he and his wife resided here ? " Ans. " No."

To all of the above rulings and refusals the plaintiff alleged exceptions.

*J. S. Abbott*, for the plaintiff.

*E. D. Sohier*, for the defendant.

GRAY, C. J.   This case grows out of a protracted controversy, with which in various stages and aspects this court has long been familiar,[*] between Oliver N. Shannon and Harriet N. Shannon, who was once his wife, and who claimed to be such to the time of his death.

The object of the action now before us is to recover for board and lodging furnished to her from February 1860 to February 1866.   It was brought against him in his lifetime, and is now defended by the administratrix of his estate.

In a similar action brought by this plaintiff against him for board furnished from June 1850 to July 1853, the jury at September term 1858 returned a general verdict for the defendant, and also found specially that Mrs. Shannon did, during the period for which board was claimed in that action, "live separate from her husband without his consent and without any justifiable cause;" and on that verdict judgment was rendered.   At the trial of the present action, the plaintiff offered to prove that Mrs. Shannon left her husband in 1846, on account of acts of cruelty which justified her in leaving him.   But this evidence was rightly rejected as inconsistent with the findings and judgment in the former action, which conclusively established between the parties to that action, who are the parties to this, that she had no justifiable cause for leaving him.   *Burlen v. Shannon*, 14 Gray, 433, 437.   *Same v. Same*, 99 Mass. 200, 205.   The fact that Mrs. Shannon did not and could not by law testify at the former trial does not make the former judgment less conclusive.

The testimony introduced by the defendant of a declaration of the plaintiff as to the intention with which Mrs. Shannon did certain acts was competent only to affect the credibility of the plaintiff as a witness and the good faith of her claim, and does not appear to have been admitted for any other purpose.   The offer

---

[*] *Shannon v. Shannon*, 2 Gray, 285, 4 Allen, 134, and 10 Allen, 249.  *Burlen v. Shannon*, 3 Gray, 387, 14 Gray, 433, and 99 Mass. 200.  *Shannon v. White*, 109 Mass. 146.   *Shannon v. Shannon*, 111 Mass.

made by the plaintiff, by way of rebutting this testimony, to prove by Mrs. Shannon that her intention in doing the acts in question was different, was rightly rejected. Proof of what was Mrs. Shannon's intention had no tendency to disprove what the plaintiff had said.

The remaining and the principal question in the case is of the validity of the decree of divorce from the bond of matrimony, obtained by the husband in Indiana, in 1856, for the cause of five years' desertion by the wife.

It appears by the record of the case in which that decree was rendered, that notice was given to the wife by the leaving of a summons at her abode in this Commonwealth, and by publication in a newspaper in Indiana. The objections, made at the argument, to the sufficiency of the notice and the form of the proceedings, do not appear to have been made at the trial, and are therefore not now open to the plaintiff. Upon this bill of exceptions it must be assumed that the proceedings and decree were in accordance with the laws of Indiana.

The jury have found that Mr. Shannon did not go to Indiana to obtain a divorce for a cause arising in this Commonwealth while the parties resided here. The case is thus distinguished from those cited by the plaintiff, in which it appeared that the libellant had gone into another state to obtain a divorce for a cause which occurred here while the parties resided here, or which would not be a cause of divorce under our laws. *Hanover* v. *Turner*, 14 Mass. 227. *Lyon* v. *Lyon*, 2 Gray, 367. *Chase* v. *Chase*, 6 Gray, 157. *Smith* v. *Smith*, 13 Gray, 209. "In all other cases, a divorce in any other state or country, according to the laws thereof, by a court having jurisdiction of the cause and both the parties, shall be valid and effectual in this state." Gen. Sts. *c.* 107, § 55.

For the purpose of jurisdiction in cases of divorce, the general rule is that the domicil of the husband is the domicil of the wife also, or, as stated by Mr. Justice Wilde, "The wife could not acquire a domicil separate from her husband, and although they lived apart, she still followed his domicil." *Greene* v. *Greene*, 11 Pick. 410, 415. The only exception to this rule, which has been recognized by this court, is that an innocent wife may under some circumstances have a separate domicil for the purpose of sustain-

ing a libel against a guilty husband; not that a wife, who has left her husband and is living apart from him without cause, has such a separate and exclusive domicil as will prevent him, if in good faith domiciled elsewhere, from obtaining a divorce from her in the place of his domicil.

In *Harteau* v. *Harteau*, 14 Pick. 181, the parties were married in this state, lived here several years, and then removed into the State of New York, and took up their residence there. The wife, on the ground of the husband's desertion and cruel neglect to support her in that state, returned to Massachusetts, and took up her abode here, and applied for a divorce here for the causes alleged to have occurred in New York, the husband continuing to have his domicil in New York. The court was of opinion that if the wife had always continued to reside in this Commonwealth, she might have maintained a libel here, even for a cause which occurred in another state, and after the husband had acquired a domicil there; and dismissed the libel because, both parties having renounced their domicil here, the return of the wife to this state would not give the court jurisdiction over the husband under the statutes then in force.

The later statutes provide that a libellant who has resided in this state for five years, and did not remove into this state for the purpose of procuring a divorce, may obtain a divorce for any cause allowed by law, whether it occurred in this Commonwealth or elsewhere; and that in no other case shall a divorce be decreed for any cause arising out of this state, unless the parties had previously lived together as husband and wife in this state, and one of them lived in this state when the cause occurred. Gen. Sts. *c.* 107, §§ 11, 12.

In *Shaw* v. *Shaw*, 98 Mass. 158, the husband and wife, having been married and resided together here, left this Commonwealth to take up their residence in Colorado. In Pennsylvania, on the journey, he treated her with extreme cruelty, and she left him and returned to this state, and continued to reside here. It was held, that she might maintain a libel here for a divorce for the cause occurring in Pennsylvania, although the husband before it occurred had left this state with the intention of never returning, and never did in fact return, and therefore no notice was or could be served upon him in this Commonwealth.

In *Hood* v. *Hood*, 11 Allen, 196, the parties together removed from this state to Illinois, and resided there some years. The wife then deserted the husband and returned to Massachusetts, and ever after resided here, and the husband entered into an agreement for her separate maintenance. He afterwards applied in Illinois for, and after notice to her by publication in that state obtained, a decree of divorce from the bond of matrimony for her desertion. This court held that as the husband's domicil was in Illinois, and his domicil was in law the domicil of the wife, the decree of divorce there obtained by him was valid and conclusive against her. And it has since been decided that that decree, being conclusive between the parties upon the subject whether the marriage between them was dissolved, was equally conclusive upon that subject in an action between any persons whatever. *Hood* v. *Hood*, 110 Mass. 463.

The case at bar is not distinguishable from that of *Hood* v. *Hood*. At the time of Mr. Shannon's removal to the State of Indiana, his wife was living apart from him, and, as the jury have found, without justifiable cause. Such being the fact, the new domicil acquired by him in that state was in law her domicil, and the courts of that state had jurisdiction of the cause and both the parties ; and the divorce there obtained must, by the express terms of the Gen. Sts. *c.* 107, § 55, be held valid and effectual in this Commonwealth.                    *Exceptions overruled.*