————o————

JULIA A. FICKE, Defendant in Error, *vs.* FREDERICK FICKE, Plaintiff in Error.

1. *Divorce—Decree on cross-bill in plaintiff's absence.*—In an action for divorce, where defendant files his cross-bill, and the case is called for trial in the absence of plaintiff, under the present practice (Wagn. Stat., 1041, § 16; Id., 533-4, § 3) the court may dismiss plaintiff's bill and proceed at the same time to hear testimony and award a divorce on the cross-bill. (Nordmanser vs. Hitchcock, 40 Mo., 182, commented on.)

*Error to St. Louis Circuit Court.*

*C. C. Simmons,* for Plaintiff in Error, cited Nordmanser vs. Hitchcock, 40 Mo., 182; Sto. Eq. Pl., § 398; Wilson vs. Bodley, 2 Litt., 55; Sharp vs. Pike, 5 B. Mon., 155; Meyer vs. Field, 37 Mo., 441; Corby vs. Dean, 44 Mo., 381; Ch.

Pr. Act, art. 2, § 14; R. C. 1835, p. 509, Id., 1845, art. 2, § 23, p. 842; Ryan vs. Ryan, 9 Mo., 539; Nagel vs. Nagel, 12 Mo., 53.

*P. E. Bland & A. M. McElhinney,* for Defendant in Error, cited Enderkin vs. Fitch, 2 Ind., 90; Stoner vs. Stoner, 9 Ind., 505; Slason vs. Wright, 14 Vt.. 208; Kemp vs. Mackwell, 3 Atk., 811; Sto. Eq. Pl., 5th ed.. 375, § 399; 2 Barb. Ch. Pr., 127; Field vs. Schieffelin, 7 Johns. Chy., 252; Nordmanser vs. Hitchcock, 40 Mo., 178.

NAPTON, Judge, delivered the opinion of the court.

This was a petition by the wife for a divorce from her husband on various grounds. The answer denied all the allegations of the petition, and, alleging various statutory causes, asked a divorce on his part. A replication was filed, and the case was set for trial, the plaintiff not appearing, but the defendant appeared and answered to the cause, and the court proceeded to hear the proofs offered by defendant, and having first dismissed the plaintiff's petition, gave a judgment and decree of divorce for the defendant on his cross-bill. On the following day of the term the plaintiff moved for a new trial, on the ground that the court erred in hearing the same on the petition and answer, and permitting the trial to proceed in the absence of the plaintiff; that the only proper judgment, which could have been taken against the plaintiff, was a judgment of dismissal, and could not after that lawfully proceed to trial, and this motion was overruled, and the only question in the case is as to the right of the court to proceed to hear and determine the case in the absence of the plaintiff.

The 16th section of the 9th art. of our code of court practice provides that "when the action is called for trial, either party may proceed to try the issues, and in the absence of the adverse party, unless the court, for good cause, otherwise direct, may proceed with his case, and take a dismissal of the suit, and a verdict, or a judgment, as the case may require."

Previous to the introduction of the code, the chancery practice act provided that "no complainant shall be allowed

to dismiss his bill, after cross-bill filed, without the consent of the defendant." (R. C. 1835, art. 2, § 14.) In the same article, in the revision of 1845, this provision is copied in section 23, p. 842.

By the third section of the act concerning divorce, the defendant is allowed to make his answer a cross-bill, and requires such answer to be sworn to in the same manner as the original petition, and then the section proceeds to declare, " that upon the hearing of the cause, if the court shall be satisfied that the defendant is the injured party, it shall enter judgment divorcing the defendant from the said plaintiff as prayed in the answer."

Did this section mean that a cause could not be heard in the absence of the plaintiff? The 16th section of the practice act seems to assume the contrary.

The 8th section of the divorce law also provides, that " in all cases where the proceedings shall be *ex parte*, the court shall, before it grants the divorce, require proof of the good conduct of the petitioner, and be satisfied that he or she is an innocent and injured party."

Both parties are petitioners in this case. The proceedings may be *ex parte* either by the absence of one or the other.

The case of Nordmanser vs. Hitchcock (40 Mo., 182) has not escaped our examination ; but it is obvious, that the 16th section of our practice act was not considered in that case, and it did not involve any construction of our divorce law.

The judgment of the General Term is reversed, and that of the circuit court in Special Term, affirmed. The other judges concur. Judge Vories absent.