ELLEN M. SEWALL *vs.* CHARLES H. SEWALL.

Suffolk.   Nov. 14, 1876. — March 1, 1877.   AMES & LORD, JJ., absent.

Where a husband goes into another state, without acquiring a domicil there, for the purpose of obtaining, and does fraudulently obtain, a divorce for a cause which occurred in, but which was not a cause of divorce by the law of, this state, a court of that state has no jurisdiction, and its decree granting the divorce is entitled to no faith and credit in this Commonwealth as a judicial proceeding, even if the decree recites facts sufficient to give it jurisdiction; but this court, the husband still retaining his legal domicil in this Commonwealth, has jurisdiction of a subsequent libel of the wife, although since their separation she has resided in another state.

Where a wife dismisses a libel for divorce, and agrees to condone the husband's previous offences and to live with him again, if he will not commit further acts of adultery, and he does afterwards commit adultery, such dismissal, agreement and condonation will not bar the wife from suing for a divorce for either his earlier or later acts of adultery.

A voting list of a town, without evidence that a person's name was placed thereon at his request, and a tax list with a memorandum of "paid" against his name, are inadmissible in his favor to show that his domicil was in that town.

LIBEL for divorce, filed May 9, 1874, for the cause of adultery. The case was heard by *Wells*, J., and, after his death, by con-

sent of parties, was reported by *Morton,* J., in substance as follows, for the consideration of the full court, the parties agreeing that the report was correct :

The libellee put in evidence tending to show that in May, 1872, the libellant left his house, and went to her father's in the State of New York, and remained absent until the latter part of November in the same year, and that he paid her board at her father's ; that she did not allege, as a cause of going to her father's, any acts of adultery ; that she returned to his house in West Roxbury in this Commonwealth in the latter part of November, and lived with him until the 25th of the following January, when she left his house, as she contended, because she was informed of the acts of adultery relied upon in a libel for divorce which she filed against him on the 25th of the same January in this court in the county of Norfolk ; and that for some three weeks before she left the house she had refused to cohabit with him.

It appeared that the husband followed her to her father's house in New York, where she has ever since resided ; and that a settlement of their family troubles was made there, by which the parties agreed that he should settle upon her ten thousand dollars, secured by a mortgage to her father, for the support of herself and child, and to go to the child in case of her death ; and that the wife agreed to return and live with her husband again as his wife, provided he would not commit further acts of adultery, and to destroy all papers containing evidence of any acts of adultery theretofore committed by him ; and that, in case they could not harmoniously live together, either party might procure a divorce from the other, upon any other grounds than adultery ; and that it was further agreed, as a part of this settlement, that the libel then pending, which had been served upon the husband and entered in court, should be dismissed.

The wife testified that, soon after this agreement was made, she received a note from a certain person, stating that her husband, since the agreement, had had adulterous connection with the woman, whom the wife described as his mistress, with whom his previous acts of adultery had been alleged ; and that thereupon she informed the husband that she would not return to his house, or live with him any further. But there was no

evidence that, at the time his wife so wrote him, the husband had committed any new act of adultery.

The husband then put in evidence a copy of a record of a divorce from the bonds of matrimony, granted to him by the Supreme Judicial Court of Maine, on October 10, 1874, upon the ground of his wife's desertion for the space of one year, in which he was described as of Vinalhaven, in the county of Knox, in that state. It appeared that the wife was never a resident of Maine, and did not appear to contest the libel, and in fact had no notice of the pendency of the proceedings there, and that the notice was by publication only.

Upon the evidence, the judge found, that the husband went to the State of Maine to obtain a divorce for the cause set forth in his libel; that that cause, so far as it occurred at all, occurred in this Commonwealth; that the wife's desertion was justified by his previous adultery, and that therefore there was not a legal cause for divorce according to the laws of that state; and that, if it was competent to prove the same against the record of the judgment in Maine, the husband never acquired any fixed or permanent residence in Maine, and did not remove to that state for any other purpose than to obtain the divorce, and that the same was obtained fraudulently.

To show such change of residence, the husband offered in evidence the voting list of the town of Vinalhaven for the year 1873, certified by the selectmen of that town for that year, and bearing the name of C. H. Sewall; also the tax list of that town, with the warrant committing the same to the collector, signed by the assessors of the town, for the year 1873, and which bore the name C. H. Sewall, with the amount of a tax against the same, and the entry "paid." The husband was not called to testify. The judge rejected the two lists as evidence, and the husband excepted.

The husband contended: 1st. That the record was conclusive upon the question of residence and jurisdiction of the court in Maine. 2d. That the provision of the Gen. Sts. c. 107, § 54, that the judgment of another state should "be of no force or effect in this state," was a violation of the Constitution of the United States, and void. 3d. That the husband, having chosen, for any cause, to make Maine his place of residence, which he had a

right to do, and the wife having left her husband's house and gone to reside with her father at the time of filing this libel, this court had no jurisdiction in the case, it being between parties not residing in this state. 4th. That the dismissal of the previous libel was conclusive against the libellant upon all the adulteries set forth therein, whether she had condoned them or not. Upon this latter point, it appeared to be proved, and the judge so found, that the husband, subsequently to the dismissal of the previous libel, committed adultery in the State of Maine with the woman with whom he was alleged to have committed the previous acts of adultery. And, if competent to be proved in this case, the judge also found that the acts of adultery previously alleged in the first libel had been committed. It was stated at the hearing, and not denied, that the husband had, subsequently to the divorce in Maine, married another woman.

A decree of divorce was to be entered, unless the full court should be of opinion that, upon the evidence and allegations of the husband, this libel could not be maintained; or a new trial was to be granted, if any evidence as to the invalidity of the divorce in Maine had been improperly received, or any evidence improperly rejected.

*B. F. Butler*, for the libellee. 1. The record of the divorce in Maine was conclusive upon the questions of the residence of the husband in Maine, and the jurisdiction of the court in Maine; and the divorce in Maine is good and effectual in all other states, until reversed or annulled in Maine, and full faith and credit should be given to it by this court. *Christmas* v. *Russell*, 5 Wall. 290, 302. *Cheever* v. *Wilson*, 9 Wall. 108, 123. *Mills* v. *Duryee*, 7 Cranch, 481. *Hampton* v. *M'Connel*, 3 Wheat. 234. *M'Elmoyle* v. *Cohen*, 13 Pet. 312, 324. *Barber* v. *Barber*, 21 How. 582, 591. *Bissell* v. *Briggs*, 9 Mass. 462. *Hood* v. *Hood*, 110 Mass. 463. *Faber* v. *Hovey*, 117 Mass. 107. The record is evidence of the jurisdiction of the court in Maine, as much as of any other matter included in the judgment or decree. The libellee must have been a resident in Maine in order for the court of that state to have jurisdiction. The report finds that the libellee went to Maine to get a divorce. If he did, his act was to get a residence in order that the court should have jurisdiction over him; and the more forcibly the

libellant claims he went to Maine to get a divorce, the stronger it must appear that he did what was needful to get a residence, in order to get a divorce. If the court in Maine had jurisdiction, the decree or record of divorce is conclusive upon the court here. Const. U. S. art. 4, § 1. U. S. Rev. Sts. § 905.

2. Section 54 of *c.* 107 of the Gen. Sts. is in violation of the Constitution of the United States, and is unconstitutional and void; it attempts to limit the courts of other states, and to provide what shall be the effect and force of judgments of other states than Massachusetts on the subject of divorce. If it can limit courts of other states in the matter of divorces, why not in all other matters and suits; and if so, how is "full faith and credit" to be given to the judicial proceedings of other states?

3. If the libellee changed his place of residence from Massachusetts to Maine for any cause, his wife before that time having deserted him and gone to New York to reside, and at the time of the filing of this libel residing in New York, then this court had not jurisdiction of this libel, nor of the parties. It is of no consequence that his cause of leaving was to obtain a divorce in Maine; that does not vitiate his change of residence, even if the divorce is of no effect. The report also finds that the libellant has resided in New York ever since January, 1873; so that, when the present libel was filed, neither party "lived" in the county of Suffolk, as required by the statute. Gen. Sts. *c.* 107, §§ 13, 14.

4. All matters included in the libel filed January 25, 1873 were, by the dismissal of that libel and the agreement then made, conclusively settled against the libellant. The agreement of the libellant, that a divorce should be had on any ground but adultery, precludes her up to that date.

5. The voting list and tax list, being the original lists, ought to have been admitted. They were evidence tending to show residence of the husband in Maine.

*R. M. Morse, Jr.*, for the libellant.

GRAY, C. J. "Every state has an undoubted right to determine the *status*, or domestic and social condition, of the persons domiciled within its territory; except in so far as the powers of the states in this respect are restrained, or duties and obligations imposed upon them, by the Constitution of the United States.

*Strader* v. *Graham*, 10 How. 82, 93. No control over the subject of marriage and divorce has been conferred by the Constitution upon the national government, but each state retains the power to regulate the grounds of divorce, and the jurisdiction to grant divorces, between those having their domicil within its territory. *Hopkins* v. *Hopkins*, 3 Mass. 158.

When a person domiciled in this state goes, in evasion and fraud of the law of his domicil, into another state, in order to obtain a divorce there, for a cause which had occurred here while the parties resided here, or for a cause which would not authorize a divorce by our law, it is within the power of the state, by its courts or its legislature, to declare or enact that a divorce, so obtained before acquiring a domicil in the other state, is or shall be of no force or effect in this state. This application of the general principle has been long recognized by this court, and has been repeatedly affirmed by statute. *Hanover* v. *Turner*, 14 Mass. 227. Rev. Sts. *c.* 76, § 39. *Clark* v. *Clark*, 8 Cush. 385, 387. *Lyon* v. *Lyon*, 2 Gray, 367. *Chase* v. *Chase*, 6 Gray, 157. *Smith* v. *Smith*, 13 Gray, 209. Gen. Sts. *c.* 107, § 54. *Ditson* v. *Ditson*, 4 R. I. 87, 93.

The only clause of the Constitution of the United States, which has been supposed to affect this case, is that by which " full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state." That clause indeed prevents the judgment of a court of another state, having jurisdiction of the cause and of the parties, from being impeached for fraud, or on any other ground. *Christmas* v. *Russell*, 5 Wall. 290. *Maxwell* v. *Stewart*, 22 Wall. 77. But when, for any reason, the court has no jurisdiction, its judgment is void, and the recital, in its record, of the facts necessary to give jurisdiction is not conclusive. *Thompson* v. *Whitman*, 18 Wall. 457. *Knowles* v. *Gas Light & Coke Co*. 19 Wall. 58. *Carleton* v. *Bickford*, 13 Gray, 591. *Folger* v. *Columbian Ins. Co*. 99 Mass. 267, 273.

It is competent, therefore, to show that a decree of divorce, granted by a court of another state, although appearing on its face to be valid, is in fact void, because the libellant fraudulently, and in evasion of the law of his own domicil, procured that court to exercise jurisdiction over the case. *Shannon* v.

*Shannon*, 4 Allen, 134.  *Leith* v. *Leith*, 39 N. H. 20.  *Hoffman* v. *Hoffman*, 46 N. Y. 30.  *People* v. *Dawell*, 25 Mich. 247.  In those cases, cited for the husband, in which a divorce obtained in another state was held valid, the libellant appeared to have been domiciled in that state, and no question of fraudulently procuring jurisdiction arose.  *Cheever* v. *Wilson*, 9 Wall. 108.  *Hood* v. *Hood*, 110 Mass. 463.  *Burlen* v. *Shannon*, 115 Mass. 438.

In the case at bar, the presiding judge found that the husband never acquired a domicil in the State of Maine, but went into that state solely for the purpose of obtaining, and did fraudulently obtain, a divorce there, for a cause which occurred in Massachusetts, and which was not a cause of divorce by our law. Upon these facts, the court in Maine clearly had no jurisdiction, and the divorce there obtained is of no force or effect in this state.

The husband still retaining his legal domicil in this Commonwealth, this court has jurisdiction of the present libel of the wife, although since their separation she has resided in another state.  Gen. Sts. *c.* 107, §§ 13, 14.  *Greene* v. *Greene*, 11 Pick. 410.  *Burlen* v. *Shannon*, 115 Mass. 447.  *Masten* v. *Masten*, 15 N. H. 159.

The dismissal of the wife's former libel appears by the report to have been pursuant to an agreement of the parties, by which she condoned the husband's previous offences and agreed to live with him again, provided he would not commit further acts of adultery; and is therefore no proof that he had not committed adultery as charged in that libel.  It being found as a fact that he did afterwards commit adultery, such dismissal, agreement and condonation did not bar the wife from suing for a divorce for either his earlier or his later acts of adultery.  *Newsome* v. *Newsome*, L. R. 2 P. & D. 306.  *Rowley* v. *Rowley*, L. R. 1 H. L. Sc. 63, 65, 68.  *Robbins* v. *Robbins*, 100 Mass. 150, and cases there cited.

The voting list and tax list were rightly excluded.  They were not ancient documents, but related to facts within the memory of living witnesses.  They did not prove any act or declaration of the husband.  The placing of his name on the voting list, without evidence that it was placed there at his request, would

be no evidence that his domicil was in the town. *Fisk* v. *Chester*, 8 Gray, 506. The tax list was not competent evidence, by reason of its having been made by public officers, for any purpose except the assessment and collection of the tax. *Mead* v. *Boxborough*, 11 Cush. 362. *Commonwealth* v. *Heffron*, 102 Mass. 148. The memorandum thereon, " paid," might be evidence as against the town. *Lawrence* v. *Kimball*, 1 Met. 524, 527. But it was no evidence, in the husband's favor, that he was the person who paid the tax. *Decree for the libellant.*