FRANK C. WATKINS *vs.* CLARA E. WATKINS.

Worcester, Oct. 5, 1882. — May 5, 1883.   C. ALLEN, COLBURN & HOLMES, JJ., absent.

This court has jurisdiction of a libel for divorce, brought by a husband residing in another State, for the cause of adultery occurring in this Commonwealth, where both parties then resided, and where the wife has since remained.

LIBEL for divorce from the bond of matrimony, on the ground of adultery, filed November 12, 1881.   Hearing before *C. Allen,* J., who reported for the consideration of the full court the following case:

On August 10, 1881, the libellee filed in this county a libel for divorce against the present libellant, describing him as of parts unknown; he entered an appearance, and both cases were pending together.   She did not appear to prosecute her libel or to defend against his, and an appearance which had been entered for her was withdrawn; and a nonsuit was entered in her case, and subsequently her libel was dismissed for want of prosecution.

The parties were married at Fitchburg, in this county, where the libellee's present residence is, and they lived together as husband and wife at Fitchburg and at North Scituate, in this Commonwealth.   The libellant afterwards removed to Walpole, New Hampshire, where he still resides; and the adultery in this Commonwealth was proved.

If the court had jurisdiction of his libel, a decree of divorce was to be entered in his favor, on the ground of adultery; otherwise, the libel was to be dismissed.

*G. A. Torrey,* for the libellant.

No counsel appeared for the libellee.

DEVENS, J.   Without determining whether any difference should be made, in the decision of the case before us, by reason of the fact that the original libel was brought by the present libellee, which has been dismissed for want of prosecution, and that the present was primarily a cross libel, we proceed to consider whether, when both parties resided here together when the cause of divorce occurred, that occurring here, a husband

who has become a resident of another State may maintain a libel for such cause against the wife, who has continued to reside here.

The only statutory provisions in regard to residence of the libellant as affecting jurisdiction are found in the Pub. Sts. *c.* 146, §§ 4, 5. These are in substance that no divorce is to be decreed if the parties have never lived together as husband and wife in this Commonwealth, nor for any cause occurring in another State or country, unless the parties had lived as husband and wife in this Commonwealth, and one of them lived here at the time the cause occurred, except that where the libellant has resided in this Commonwealth for five years next preceding the libel, or three years, if the parties had been inhabitants of the Commonwealth at the time of their marriage, a divorce may be decreed for any cause allowed by law, whether it occurred in the Commonwealth or elsewhere, unless it appears that the libellant has removed into the Commonwealth for the purpose. of obtaining a divorce.

In regard to a case like the present, there are no statutory provisions that require any length of residence in this Commonwealth on the part of the libellant, or indeed that he shall be a resident thereof. If the petition cannot be entertained, it must be from general reasons of policy, or because express statutory authority is necessary for our jurisdiction.

It is a general proposition that marriage is a question of status, and that the status of each person is to be determined finally by the tribunals of that country where he has his domicil. *Sewall* v. *Sewall*, 122 Mass. 156. In all cases, except where the parties, or one of them, have gone into another State or country for the purpose of obtaining divorce for a cause which occurred here, or which would not be a cause of divorce here, divorces in any other State or country according to the laws thereof, by a court having jurisdiction of the cause and both the parties, are valid and effectual in this State. Pub. Sts. *c.* 146, § 41. While the status of two married persons is mutually dependent, (except so far as affected by those statutes which sometimes leave the guilty party in the anomalous position of a wife without a husband, or a husband without a wife,) when they are actually residing in different States, each State must determine

for itself the status of both parties, so far at least as property exists, or rights are sought to be exercised therein.

It has always been deemed of importance that, as far as possible, proceedings should take place where the party proceeded against resides; and our statutes have provided that, when the libellant has left the county where the parties have lived together, the adverse party still living therein, the libel shall be heard and determined in that county. Pub. Sts. *c.* 146, § 6. It is not of less importance, certainly, that the adjudication should if possible take place in that State where the parties resided at the time of the alleged offence, and where that was committed. As it is an alleged violation of the marital duties, as they then and there existed, it is in that State that its character should be determined. By the law of Massachusetts as it formerly existed, no divorce was to be decreed for any cause if the parties had never lived together in this State; nor for any cause occurring in any other State, unless they had previously lived together in this State; nor for any cause occurring in another State, unless one of the parties was at the time of the occurrence living here, and this even if the divorce was sought for a cause recognized in this State. Rev. Sts. *c.* 76, §§ 9, 10, 11. *Brett* v. *Brett,* 5 Met. 233.

Were this an application on behalf of the wife under similar circumstances, the husband still retaining his domicil in this State, although since the occurrence of the offence she had resided in another State, there would be no doubt of the jurisdiction of the court. Gen. Sts. *c.* 107, §§ 13, 14. *Greene* v. *Greene,* 11 Pick. 410. *Burlen* v. *Shannon,* 115 Mass. 438, 447. *Masten* v. *Masten,* 15 N. H. 159. *Sewall* v. *Sewall, ubi supra.* This has been so held upon the ground that legally the domicil of the husband is that of the wife. For this reason, it may be suggested that both parties in the case at bar must now be held to be domiciled in New Hampshire. It is a recognized exception to this rule, that, under some circumstances, an innocent wife may have a separate domicil for the purpose of sustaining a libel against a guilty husband. *Shaw* v. *Shaw,* 98 Mass. 158. *Burlen* v. *Shannon, ubi supra.* It would appear to be an equally reasonable exception to a legal fiction, the only object of which is to protect parties in their just rights, that an innocent

husband, who had left the State and was residing elsewhere, might treat the domicil of the wife as continuing here and as separate from him, in order that the alleged cause of offence might be passed upon where it occurred, and where both parties then resided.  Had the removal of the husband been only from one county to another within the State, we have seen that he would have been obliged so to treat it.   Pub. Sts. *c.* 146, § 6.

Nor ought the husband to be excluded from proceeding here, because he might be able, after the period of residence required there by statute, to proceed against his wife in New Hampshire. Her separate residence here is a matter of fact, which should not be disregarded.   The libellant having come into this State, and having submitted to its jurisdiction, his status and that of his wife may be absolutely determined, so far as their rights and duties here are concerned.   Even if that definition must be thus limited, the libellant is entitled to it.   But we do not perceive why it should be so limited when the cause of divorce is recognized as such in each of the States where he and his wife actually reside; nor why, if the converse of this case were presented, a divorce granted in New Hampshire should not be respected in this Commonwealth.

We have not been referred to any decisions in this country directly upon this question, nor have we found any, perhaps for the reason that almost all the States require in terms a certain length of residence on the part of the libellant before bringing a libel.   In cases similar to this, the Scotch courts have repeatedly taken jurisdiction.   *Forrester* v. *Watson*, 6 Sc. Sess. Cas. (2d ser.) 1358.   In *Shields* v. *Shields*, 15 Sc. Sess. Cas. (2d ser.) 142, two persons, natives of Scotland, were married in Scotland and continued to reside there until the husband went to America.   Several years after, and while domiciled in America, the husband brought a bill of divorce against his wife on the charge of adultery committed in Scotland.   His wife having pleaded in defence that, her domicil being that of her husband, and he being now domiciled in America, the court had no jurisdiction, and that the remedy of the husband was solely in America, the plea was disallowed, and the jurisdiction sustained, the Lord Justice Clerk remarking in his opinion :  " In regard to the relation of marriage, even if the husband has acquired a domicil

elsewhere, yet if his wife resident here is living in adultery, I apprehend his prerogative as a husband over her entitles him to sue her in the place of her residence and of her offence, and equally so whether he could on legal principles insist that her domicil in law followed his. It is in vain to resort to the fiction that her person is sunk in his, and therefore that her residence *de facto* in Scotland and commission of adultery there is of no importance."

In the case at bar, the original libel was filed by the wife against the husband, and the libel we are now considering was a cross libel. It has been repeatedly held in those States where a definite time of residence on the part of the libellant was necessary before bringing a libel, that, where a resident had brought a petition for divorce and a cross libel had been filed, the dismissal or discontinuance of the original petition did not oust the jurisdiction, even if the party filing the cross libel had not resided within the State for the time required to authorize him to bring a libel, and that, under it, affirmative relief would be given. *Jenness* v. *Jenness*, 24 Ind. 355. *Barr* v. *Barr*, 31 Ind. 240. *Sterl* v. *Sterl*, 2 Bradw. 223. *Ficke* v. *Ficke*, 62 Mo. 335.

We have preferred to rest our decision on the more general ground heretofore stated.          *Divorce nisi decreed.*