### MINNIE E. WHITE *vs.* CLIFFORD D. WHITE.

When a husband is guilty of crime or dereliction of marital duty justifying divorce or desertion, the wife may, and in some cases must, establish and acquire a separate domicile of her own, which may be in a jurisdiction different from that of her husband's domicile.

A deserted wife returned to her parents in Massachusetts with no definite intention as to her future residence, but remained with them and worked for them up to the time of preferring her divorce petition in this State.

*Held*, that this court in *banc* would not reverse a finding that her domicile was in Massachusetts and that this court had no jurisdiction over her petition.

This court will not in *banc* review the findings of fact made by one of its Judges sitting alone as a court, if there is any evidence to support such findings.

In records involving allowance of testimony and findings of fact this court wishes it to appear distinctly whether the statement allowed be testimony in whole or in substance or be a judicial finding of fact on the testimony adduced.

PETITION FOR DIVORCE.   On petition for a new trial.

The original petition was filed July 28, 1892, and was dismissed February 11, 1893.   The petition for a new trial was filed March 10, 1893.

*June* 3, 1893.   TILLINGHAST, J.   At the trial of this case before Mr. Justice Wilbur, the petitioner offered evidence that the parties were married in August, 1887, in Boston, in the State of Massachusetts; that they soon afterwards removed to Providence, R. I., where they both continued to reside until some time in February, 1892, when the respondent deserted the petitioner, leaving her without any means of support, and returned to his father's house.   That the petitioner then informed her parents who lived in Boston, of her destitute situation, and that they immediately took her to Boston where she has since continued to reside, working for

them in a millinery store, and that she resided in Boston at the time of preferring her petition for divorce. That her father, who owned all the household furniture with which she and her husband had kept house, took possession of and removed the same to Boston, and that at the time of the petitioner's removal to Boston, she had no intention one way or the other, in regard to her future residence, and did not then know whether the separation was to be one of short or permanent duration. Upon this state of the proof the court ruled that it had no jurisdiction, upon the ground as stated in its rescript as follows:

"The court is of the opinion that the petitioner was not a domiciled inhabitant of this State at the time of preferring her petition, but that her home was with her parents in the city of Boston, where she worked and where she lived.

Petition denied and dismissed."

The petitioner contends that the decision was against the evidence and the law applicable thereto, and asks for a new trial.

We are not satisfied that it ought to be granted. For, while the report of the testimony shows that evidence was offered that, at the time of the removal of the petitioner to Boston, she had no intention, one way or the other, in regard to her future residence, yet it was competent for the court to find from the facts and circumstances connected with her said removal, and from her subsequent conduct down to the time of the filing of said petition, that she had in fact formed the intention of changing her domicile, and had changed the same prior to the filing of her said petition. Indeed, the decision of the court shows that it must have so found, for otherwise, it having appeared that she was a domiciled inhabitant of this State at the time of her separation from her husband, the court must have found that her domicile remained here. If the court had found as matter of fact from the testimony, that the petitioner, upon being deserted by her husband, simply went to Boston for the purpose of finding a temporary home with her parents, without having any

intention of changing her domicile, and had so continued down to the time of the filing of her petition for divorce, and the court had then decided that it was without jurisdiction in the premises, it would of course have been clearly wrong. For, a domicile once obtained continues until another is acquired. *Abington* v. *North Bridgewater*, 23 Pick. 170; *Shaw* v. *Shaw*, 98 Mass. 158. But, as already intimated, we do not understand that the court so found. But that on the contrary it found upon the evidence submitted, that the petitioner had in fact changed her domicile before the filing of said petition. And, as we have repeatedly held, this court will not review the findings of fact of one of its members, sitting as a court, when there is any evidence to support such findings.

In this connection we desire to say as matter of practice, that for the sake of greater precision, and to prevent any misunderstanding in matters connected with the allowance of testimony, or the findings of fact, it would be well for the court allowing or finding the same, to set forth therein whether it is intended to be an allowance of the testimony simply, either in substance or in full, which was offered at the trial, or a finding of fact from the testimony.

The second contention of the petitioner is that the domicile of the respondent being in said Providence, her domicile was here also, the domicile of the wife following and remaining with that of the husband. While this is doubtless true as a general proposition of law, (Bishop on Marriage, Divorce and Separation, §§ 1713–1720 and cases cited,) yet, as said by Ames, C. J., in *Ditson* v. *Ditson*, 4 R. I. 87, 107, "when he commits an offence, or is guilty of such dereliction of duty in the relation, as entitles her to have it either partially or totally dissolved, she not only may, but must, to avoid condonation, establish a separate domicile of her own. This she may establish, nay, when deserted or compelled to leave her husband, necessity frequently compels her to establish, in a different judicial or state jurisdiction than that of her husband, according to the residence of her family or friends. Under such circumstances she gains, and is entitled to gain,

for the purposes of jurisdiction, a domicile of her own; and especially, if a native of the State to which she flies for refuge, is, upon familiar principles, readily redintegrated in her old domicile." See also Bishop, *supra*, vol. 2, §§ 120, 121, and cases cited; *Kline* v. *Kline*, 57 Iowa, 386, 388; *Mellen* v. *Mellen*, 10 Abbott's New Cases, 329, and "Note on Domicile in Divorce Cases," on p. 333.

The case of *Watkins* v. *Watkins*, 135 Mass. 83, cited by the counsel for the petitioner, while holding to the well established doctrine that legally, the domicile of the husband is that of the wife, still declares that "It is a recognized exception to this rule, that, under some circumstances, an innocent wife may have a separate domicile for the purpose of sustaining a libel against a guilty husband." A review of the cases cited would serve no useful purpose, they being largely governed by the local statutes regulating proceedings for divorce. But whatever the rule may be elsewhere upon the question of domicile in such cases, we think that adopted by this court in *Ditson* v. *Ditson*, *supra*, is the correct one, and we therefore adhere to the same.

*Petition for a new trial denied and dismissed.*

*Charles A. Wilson & Thomas A. Jenckes*, for petitioner.