Schrow v. Schrow.

## HENRY SCHROW *vs.* ANNE L. SCHROW.

Proof that a husband and his wife lived at the same time in this Commonwealth, but without cohabiting or having any communication with each other, is not proof that they "lived together as husband and wife" here, within the meaning of the Gen. Sts. *c.* 107, § 12, specifying requirements of residence to give jurisdiction of libels for divorce.

LIBEL filed October 9, 1869, by a resident of Charlestown, for a divorce from the bond of matrimony for the cause of adultery alleged to have been committed at Springfield in this Commonwealth, San Francisco in California, and Hartford in Connecticut, " on September 15, 1867, and at other times since the marriage," by the libellee, who was described in the libel as commorant at said Hartford, and, after due service of notice on her was defaulted.

At the trial, before *Ames, J.,* it appeared that the parties were married at San Francisco at some time in 1867, and soon afterwards separated; that the libellant "returned" to Massachusetts, and had continued to reside in Massachusetts ever since that the libellee also came to Massachusetts, and resided for a

time at Springfield, and for a time at Chicopee, and made a visit or visits at Charlestown; but that "the parties never cohabited or had any communication whatever with each other in this Commonwealth." The libellant offered proof of the acts of adultery alleged to have been committed at San Francisco and Hartford; but the judge declined to receive proof of them, and ordered the libel to be dismissed. The libellant alleged exceptions.

*C. Cowley*, for the libellant.

BY THE COURT. The parties never having "lived together as husband and wife" in this Commonwealth, and the libellant not having lived here for five consecutive years next preceding the time of filing the libel, this court has no jurisdiction of the cause. Gen. Sts. *c.* 107, §§ 11, 12. Their having lived in the state separately is not sufficient. *Exceptions overruled.*