MARTHA A. W. ROSS *vs.* LEWIS M. ROSS.

The requirement of the Gen. Sts. *c.* 107, § 12, that, to give jurisdiction in certain cases of application for divorce, the parties must have "lived together as husband and wife " in this Commonwealth, means that they must have had a domicil here.

An inhabitant of another state does not acquire a domicil in this Commonwealth by merely coming here to seek employment, with the intention of residing here only if he shall find it.

LIBEL filed November 26, 1867, for a divorce from the bond of matrimony for the cause of adultery alleged to have been committed by the libellee in this Commonwealth at divers times since August 30, 1866. The libellant described herself and the libellee as of Medford. The libellee filed a motion to dismiss the libel for want of jurisdiction. Trial before *Ames*, J., who reported the following case for the determination of the full court:

" The parties were married at Newark in New Jersey, June 27, 1866, the libellee being then a citizen and resident of Newark, and the libellant at the time of the marriage living at that

place with her father, and never having resided in this Commonwealth. At the time of the marriage, the libellee was a a clerk employed at Newark on a salary. Afterwards, about August 30, 1866, the parties came into this state, and lived for some weeks in the family of a relative of the libellant, in Medford. The purpose of the journey on the part of the libellee was to seek for employment in Boston or the vicinity, and he intended, if he found employment, to reside permanently in this state. With this view, he himself, and also some of her friends, made applications and efforts in various quarters, but without success. Having finally made up his mind that he could not get into business in this state, he returned to Newark in about six weeks after his arrival at Medford. He did not take her with him, for the reason that he had no means to pay her travelling expenses and to maintain her; and she has ever since that time continued to live at Medford. The adultery charged against him was shown to have been committed during his stay in this state. He has never, since his return to Newark, come back to this state except as a mere visitor, but is now resident at Newark."

*A. R. Brown & E. A. Alger*, for the libellee.

*P. Ayer*, for the libellant.

CHAPMAN, C. J. It is provided by Gen. Sts. *c.* 107, § 12, that, with certain exceptions, not applicable to this case, no divorce shall be decreed for any cause, if the parties have never " lived together as husband and wife " in this state.

We think the true interpretation of this provision is, that they must have had a domicil here, and not merely lived together as travellers passing through the state, or as visitors for a purpose that is merely temporary, or not with intent to acquire a domicil. The remedy is intended to be for the benefit of our own citizens, and not to enable the court to dissolve marital relations existing between citizens of other states, neither of whom has ever had a domicil here. *Harteau* v. *Harteau*, 14 Pick 183. *Shaw* v. *Shaw*, 98 Mass. 158. In *Calef* v. *Calef*, 54 Maine, 365 a similar interpretation has been given to a statute of Maine substantially like ours, though differing in its phraseology.

While these parties were in this state they did not acquire a domicil here ; and the intention of the husband to acquire one depended upon a contingency that never happened.

*Libel dismissed.**

———

* A similar decision was made at September term 1870 for Hampden, in the case of

CAROLINE L. FANSLER vs. NEWTON O. FANSLER.

LIBEL for a divorce from the bond of matrimony for the cause of adultery alleged to have been committed at Cleveland in Ohio by the libellee, who was defaulted. The case was heard by *Wells*, J , and reported for the determination of the full court on these facts :

" The parties were married in September 1866 at Westfield, where the libellant had previously, and until that time, resided with her father. The libellee was then, and ever since has been, a resident of Cleveland in Ohio, engaged in business there as a trader. Directly after the marriage, they spent several weeks together, at the house of her father in Westfield and elsewhere in Massachusetts, before going to Cleveland to reside ; and at several times since have been for short periods in this state ; but never with any intention of making their joint residence in the state. In May 1869, the libellant abandoned her husband, in consequence of information of such misconduct on his part as justified her in so doing, and of his neglect towards herself. She then returned to Massachusetts, where she has ever since remained, living in Westfield with her father. Her husband has since continued to reside at Cleveland until the present time. In September 1869, after her return to Westfield, he committed the offence of adultery at Cleveland, upon which this libel is founded."

Upon these facts, after argument by *W. G. Bates* for the libellant, THE COURT ordered that the *Libel be dismissed.*