### GEORGE H. WESTON *vs.* ROSELLA H. WESTON.

Essex.   Nov. 3, 1886. — Jan. 6, 1887.   DEVENS, W. ALLEN, & GARDNER, JJ., absent.

The requirement of the Pub. Sts. *c.* 146, § 4, that, to give jurisdiction in certain cases of application for divorce, the parties must have "lived together as husband and wife" in this Commonwealth, is not satisfied by residence apart of the parties here, without cohabitation or communication with each other.

LIBEL for divorce, filed August 10, 1885, on the ground of adultery.   Hearing before *C. Allen*, J., who reported for the consideration of the full court the following case :

Both parties lived in Massachusetts before their marriage to each other.   They went to Portsmouth, New Hampshire, to be married, and were married there in May, 1884, he being twenty-one and she seventeen years old.   He obtained employment there immediately afterwards, and they remained there ; he intended to live there and to stay there, and they lived together there for about five and a half months, when she left him and returned to Massachusetts.   He also returned to Massachusetts a few days later ; but after the marriage they never had anything to do with each other, and had no communication whatever with each other in Massachusetts, but lived apart.   She afterwards took up her residence in Lynn, and, in the summer of 1885, committed adultery there.

If, upon these facts, the court had jurisdiction, a divorce was to be granted for the cause of adultery ; otherwise, the libel to be dismissed.

*W. H. Niles & G. J. Carr*, for the libellant.

No counsel appeared for the libellee.

HOLMES, J.   It was decided in *Ross* v. *Ross*, 103 Mass. 575, that the prohibition in the Gen. Sts. *c.* 107, § 12, (Pub. Sts. *c.* 146, § 4,) against granting a divorce if the parties have never lived together as husband and wife in the Commonwealth, is not avoided by a transitory cohabitation here, but requires a domicil in the State.   In *Eaton* v. *Eaton*, 122 Mass. 276, which perhaps can be upheld on its special facts, domicil without cohabitation was thought to satisfy the condition, and a divorce was granted. In that case, however, the court appears to have overlooked the earlier decision of *Schrow* v. *Schrow*, 103 Mass. 574, where the parties seem to have been domiciled in Massachusetts, but it was held that their having lived in the State separately 'was not enough.   We cannot escape from the literal meaning of the statute, which is not satisfied with residence merely, but requires the parties to have " lived together as husband and wife." If the result is an unintended anomaly, the remedy is in the Legislature.   After a residence here for the statutory time, the libellant may be entitled to his divorce under the law as it stands.                                             *Libel dismissed.*