### HUGH FRANKLIN *vs.* DELIA M. FRANKLIN.

Worcester.    October 2, 1891. — October 24, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Marriage — Consummation — Agreement to live apart — Divorce — Jurisdiction.*

The validity of a marriage entered into in regular form is unaffected by a preliminary agreement of the parties not to live together.

The consummation of a marriage by coition is not necessary to its validity.

A husband and wife agreed together before their marriage not to live together, and thereafter separated and never lived together as such.  The wife committed adultery, and the husband sought a divorce from her on that ground, having lived in this Commonwealth for the five years next preceding the filing of his libel.  *Held,* that the court had jurisdiction of the libel under the Pub. Sts. c. 146, § 5, and that the libellant had not been guilty of such a marital wrong as to prevent him from maintaining the same.

LIBEL, filed by Hugh Franklin, for a divorce from Delia M. Franklin, on the ground of adultery.  Hearing in the Superior Court, before *Hopkins,* J., who allowed a bill of exceptions alleged by the libellant, as follows:

" The evidence proved that the libellant had had sexual intercourse with the libellee before marriage; that the libellee was pregnant as the result of such intercourse, and the libellant was under arrest, upon a bastardy process instituted by the libellee, at the time of their marriage; that the libellant married the libel-

lee for the purpose, as he testified, 'to give the child a name,' and to have it born in lawful wedlock, and under an agreement made with the libellee that they should not live together as husband and wife; that immediately after the marriage the parties separated, and had never lived together as husband and wife; that the marriage was performed in this Commonwealth, and the libellant has resided here more than five years next preceding the filing of his libel; that since the marriage the libellee had committed the crime of adultery, as charged in the libel. Upon the foregoing evidence, the court ruled that the libel could not be maintained, and dismissed it."

*W. S. B. Hopkins,* (*F. B. Smith* with him,) for the libellant.

No counsel appeared for the libellee.

KNOWLTON, J. The libellant and libellee became husband and wife by virtue of a lawful marriage. The agreement that they would not live together had no effect upon the marriage contract entered into in regular form in the presence of a magistrate or minister authorized to solemnize marriages. It is against the policy of the law that the validity of a contract of marriage, or its effect upon the status of the parties, should be in any way affected by their preliminary or collateral agreements. *Barnett* v. *Kimmell,* 35 Penn. St. 13. *Harrod* v. *Harrod,* 1 Kay & Johns. 4, 16.

The consummation of a marriage by coition is not necessary to its validity. The status of the parties is fixed in law when the marriage contract is entered into in the manner prescribed by the statutes in relation to the solemnization of marriages. *Eaton* v. *Eaton,* 122 Mass. 276. *Jackson* v. *Winne,* 7 Wend. 47. *Dumaresly* v. *Fishly,* 3 A. K. Mar. 368. *Patrick* v. *Patrick,* 3 Phillim. 496. *Dalrymple* v. *Dalrymple,* 2 Hagg. Consist. 54.

The libellant is not guilty of such a marital wrong as will prevent him from obtaining a divorce on the ground of his wife's adultery. The parties lived apart by mutual consent, and, on the facts reported, neither could have obtained a divorce from the other on the ground of desertion. In such a separation there was no desertion within the meaning of the word in the statutes in relation to divorce. *Lea* v. *Lea,* 8 Allen, 418, 419. *Thompson* v. *Thompson,* 1 Sw. & Tr. 231. *Cooper* v. *Cooper,* 17 Mich. 205. Living apart by agreement is no bar to a suit for divorce

brought by either against the other on the ground of adultery. A voluntary separation is not a license to commit adultery; and it has uniformly been held that, in case of adultery under such circumstances, the innocent party may have a remedy against the other in a suit for a divorce. *Morrall* v. *Morrall*, 6 P. D. 98. *Beeby* v. *Beeby*, 1 Hagg. Consist. 142, *note*. *Mortimer* v. *Mortimer*, 2 Hagg. Consist. 310. *J. G.* v. *H. G.* 33 Md. 401. *Anderson* v. *Anderson*, 1 Edw. Ch. 380.

The court has jurisdiction notwithstanding that the parties have never lived together as husband and wife within this Commonwealth. The continuous residence of the libellant in the Commonwealth for more than five years next preceding the filing of his libel brings the case within the exception stated in the Pub. Sts. c. 146, § 5.

On the facts stated in the bill of exceptions, the divorce should have been granted, and the entry must be,

*Exceptions sustained.*