CERILE LABONTE *vs.* ADALEN LABONTE.

Essex.          November 8, 1911. — November 29, 1911.

Present : RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Marriage and Divorce.   Practice, Civil,* Hearing by judge without a jury.

Where, at the hearing of a libel for divorce on the ground of a desertion which was
alleged to have occurred in Canada, it appeared that the parties were not married
in this Commonwealth and never had lived together here, and the libellant con-
tended that the court had jurisdiction because he had resided in this Common-
wealth for five consecutive years last preceding the filing of the libel, a finding
of the judge who heard the case that the court had no jurisdiction of the case
because the libellant had not resided in this Commonwealth for five consecutive
years last preceding the filing of the libel is a finding of fact which will not be
reversed unless shown to be clearly wrong.  Such a finding was held not to
have been clearly wrong in the present case, where the libellant testified that at
the time of his marriage he had lived in Canada and that during his alleged
five years' residence in this Commonwealth he had been in Canada during two
periods, one of five or six months and the other of two or three months, during
which periods he had lived with and worked for his brother.

LIBEL FOR DIVORCE filed on March 6, 1911, the alleged ground
for divorce being utter desertion for three consecutive years from
December 1, 1903.

In the Superior Court the case was uncontested and was
heard by *Brown,* J., who dismissed the libel and at the request
of the libellant reported the case to this court for determination.

The report stated that the libellant " testified in substance
that he left Canada some eight or nine years ago leaving his
wife in Canada because she had deserted him there and was
unwilling to follow him here ; that he first came to Lynn where
he worked about one year and after that came to Newburyport ;
that about three years before filing his libel he left Newbury-
port and went to Sherbrooke, Canada, where he lived with and
worked for his brother for five or six months ; that he then re-
turned to Newburyport and got back his former job and worked
about six months ; that he then left Newburyport and went to
Sherbrooke, living with and working for his brother again, this
time for two or three months, when he again returned to New-
buryport where he has remained to the present time ; and that
during all of the time since he first came to Newburyport, ex-

cepting the time spent in Sherbrooke, he has worked for the same employer. The case was uncontested, the libellee not appearing. When the libellant had finished his direct testimony I asked him whether when he went these two times to live with his brother in Sherbrooke he intended to remain in Canada and he answered, 'Yes, if I could get my wife to live with me there.' Afterwards in answer to questions by his counsel he said he didn't expect when he went to Sherbrooke that his wife would be willing to live with him in Canada and that he went to Canada because he was sick and could board there much cheaper than here."

The presiding judge ruled on the libellant's testimony that the court had no jurisdiction of the libel for the reason that the libellant had not lived in this Commonwealth for the five years last preceding the filing of this libel.

The case was submitted on a brief.

*R. E. Burke & E. E. Crawshaw,* for the libellant.

No counsel appeared for the libellee.

DeCourcy, J. The parties in this libel were residents of Canada when married there in 1890, and have never lived together as husband and wife in this Commonwealth. The judge of the Superior Court, on the libellant's testimony, ruled that the court had no jurisdiction of the libel and ordered it dismissed.

As the parties were not inhabitants of this State, and the alleged cause of divorce occurred in Canada the court had no jurisdiction to dissolve their marital relations unless the libellant had his domicil in this Commonwealth for five years last preceding the filing of his libel. R. L. c. 152, § 5. *Shaw* v. *Shaw,* 98 Mass. 158. *Ross* v. *Ross,* 103 Mass. 575. This question of domicil was one of fact to be determined by the trial judge and he has decided it adversely to the claim of the libellant. He finds that both the libellant and the libellee are now citizens of the Dominion of Canada. And his ruling that the court had no jurisdiction of the libel was based on the reason " that the libellant had not lived in this Commonwealth for the five years last preceding the filing of this libel." This we must construe to be an express finding of the fact.

Clearly we cannot say that the judge's ruling was wrong or that the findings on which it was based were not justified. The

libellant's domicil was in Canada at the time of his marriage and remained there unless and until he acquired one elsewhere. His residence in Massachusetts during the past five years was interrupted by two periods of residence in Canada, one for five or six months and the other for two or three months.   Even assuming that he fully credited the libellant's testimony the judge might well find, upon the evidence, that the libellant's residence here, while his wife and relatives remained in Canada, was without an intent to abandon his legal domicil in Canada and establish a new one here.

*Libel dismissed.*