## MATHILDA FRIEDRICH *vs.* WILLIAM FRIEDRICH.

### Suffolk.   March 4, 1918. — May 1, 1918.

### Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Marriage and Divorce,* Cross libel.   *Jurisdiction.*

Although in R. L. c. 152, §§ 1–5, defining the jurisdiction of our courts in divorce cases there is no reference to cross libels, the right of a libellee to file a cross libel has been recognized and the. practice long has prevailed in this Commonwealth.

Although libels for divorce are not suits in equity but belong on the law side of the court and the Superior Court sitting to hear them has not general equity powers, yet by R. L. c. 152, § 29, that court "may, if the course of proceeding is not specially prescribed, hear and determine all matters coming within the purview of this chapter [relating to divorce] according to the course of proceeding . . . in courts of equity."

If a husband, who has lived in this Commonwealth for five years, brings a libel for divorce for cruel and abusive treatment against his wife, who has her domicil in another State so that she could not bring an original libel for divorce against her husband in this Commonwealth, and the wife appears and files a cross libel against her husband on the ground of desertion and he enters an appearance by counsel, if the husband afterwards fails to prosecute his libel and it is dismissed for want of prosecution, this does not take away the jurisdiction of the court over the libel of the wife, which, once having been acquired over the proceeding as a cross bill, will be retained, in the absence of collusion, for the purpose of doing justice between the parties.

CROSS BILL for divorce on the ground of desertion, originally. filed in answer to a libel filed by the present libellee, which afterwards was dismissed for want of prosecution, as stated in the opinion.

In the Superior Court the.case was heard by *Jenney,* J., who found the facts which are stated in the opinion and ruled, subject to the exception of the libellant, that she was not entitled to maintain her libel.   He made an order dismissing the libel and reported the case for determination by this court, such order or decree to be entered as might be deemed proper.

*J. M. Hendricken,* for the libellant.

*M. W. Cohen,* for the libellee, submitted the case without argument or brief.

DE COURCY, J.   The parties were married in the State of New York in 1906.   They were residents of that State before their

marriage, and as husband and wife continued to live there until December 3, 1910. At that time the husband deserted the wife and came to this Commonwealth; and since then he has continued to reside in Boston, while the wife remained in New York. Under the general rule established by our statutes (except where the libellant has lived in the Commonwealth for five years last preceding the filing of the libel, or three years in case the parties were inhabitants of this Commonwealth at the time of their marriage), in order to give our courts jurisdiction to grant a divorce the parties must have "lived together as husband and wife in this Commonwealth." In other words, they must have had a domicil here. *Shaw* v. *Shaw,* 98 Mass. 158. *Winans* v. *Winans,* 205 Mass. 388. And see *Schrow* v. *Schrow,* 103 Mass. 574. The contention that the domicil of Mrs. Friedrich followed that of her husband is negatived by the trial judge, who apparently concluded that she elected to retain her domicil of marriage. *Burlen* v. *Shannon,* 115 Mass. 438, 447. *Burtis* v. *Burtis,* 161 Mass. 508. It follows that the non-resident wife could not have maintained an original libel for divorce in our courts. R. L. c. 152, § 4. *Ross* v. *Ross,* 103 Mass. 575. *Weston* v. *Weston,* 143 Mass. 274. *Clark* v. *Clark,* 191 Mass. 128.

On December 21, 1916, William Friedrich brought a libel for divorce against his wife Mathilda for cruel and abusive treatment, returnable in the Superior Court for our county of Suffolk. Due service was made on the libellee, and she appeared by counsel and filed an answer. Undoubtedly the court had jurisdiction to decree a divorce in his case, as he had lived in this Commonwealth for five years. R. L. c. 152, § 5. Later she filed this cross libel for the desertion which had occurred in New York, and he entered an appearance by counsel. Both libels were set down for hearing. The husband failed to prosecute his libel and it was dismissed for want of prosecution. The cross libel of the wife was heard as an uncontested case, the husband not appearing in opposition. The judge ruled, in substance, that the court had no jurisdiction to grant her a divorce; and the correctness of that ruling is before us for determination.

There is no reference to cross libels in the statute defining the jurisdiction of our courts in divorce cases. R. L. c. 152, §§ 1–5. It is generally recognized, however, that the libellee has a right

to file a cross libel, even in the absence of any express statutory provision; and the practice of doing so has long prevailed in this Commonwealth. See *Watkins* v. *Watkins,* 135 Mass. 83. Superior Court Divorce Rules 2, 7. Libels for divorce are not suits in equity, but belong on the law side of the court; and the Superior Court, sitting to hear them, has not general equity powers. *Greenia* v. *Greenia,* 206 Mass. 449. *Adams* v. *Holt,* 214 Mass. 77. But it is provided by R. L. c. 152, § 29, that "The Superior Court may, if the course of proceeding is not specially prescribed, hear and determine all matters coming within the purview of this chapter according to the course of proceeding in ecclesiastical courts or in courts of equity."

We do not find it necessary to determine what was the practice of the ecclesiastical courts with reference to cross suits when the original statute was enacted in 1835 (Rev. Sts. c. 76, § 38), or between that time and 1857, when all civil jurisdiction over the subject of marriage and its incidents was taken away from the ecclesiastical tribunals by St. 20 & 21 Vict. c. 85. See Phil. Eccl. Law, (2d ed.) 642; Browne, Divorce Court Pract. (2d ed.) 185, 186. For the present practice, see Rayden on Divorce, 122, 123; 16 Halsbury's Laws of England, 515.

According to the procedure in courts of equity, however, (which is made applicable to divorce cases by R. L. c. 152, § 29,) when the respondent appears and files a cross bill, and the court thereby acquires jurisdiction of the parties and the subject matter of the suit, it will retain and exercise that jurisdiction until proper relief is given to the parties. And it is generally held that a divorce may be granted to a non-resident on his or her cross libel, even though a statute in general terms requires the libellant to have been a resident of the State for a designated time. *Jenness* v. *Jenness,* 24 Ind. 355. *Barret* v. *Barret,* 11 Ky. L. R. 287. *Clutton* v. *Clutton,* 108 Mich. 267. *Pine* v. *Pine,* 72 Neb. 463. *State* v. *Moran,* 37 Nev. 404, 410. *Von Bernuth* v. *Von Bernuth,* 6 Buch. 487. *Newman* v. *Newman,* 27 Okla. 381. *Charlton* v. *Charlton,* 141 S. W. Rep. 290. *Fisk* v. *Fisk,* 24 Utah, 333. *Ferry* v. *Ferry,* 9 Wash. 239. See *Shatney* v. *Shatney,* 76 N. H. 391. See also 59 L. R. A. 149, note; 9 Ann. Cas. 1200, note. In *Valk* v. *Valk,* 18 R. I. 639, where a different result was reached, no cross petition for divorce was filed by the non-resident respondent; and

it was held that under the local statute the court was, without jurisdiction to grant her affirmative relief upon her answer. Nor will the failure of the original libellant to prosecute his libel oust the court of its jurisdiction of a cross libel, which sets up additional facts not alleged in the original libel relating to the subject matter, and prays for affirmative relief in the case thus made. Fletcher, Eq. Pl. & Pr. § 918. *Watkins* v. *Watkins,* 135 Mass. 83. *Abele* v. *Abele,* 17 Dick. 644. *Dewees* v. *Dewees,* 55 Miss. 315. *Schira* v. *Schira,* L. R. 1 P. & D. 466.

As we construe the report, the cross libel was dismissed on the ground that the court did not have jurisdiction to decree a divorce to the non-resident wife. In our opinion the court did have such jurisdiction on the facts here disclosed. If it should appear that the initial filing of the libel by the husband, or his withdrawal of it, or any other part of the proceedings was collusive, the cross libel should be dismissed. But it would be an injustice, after the wife has obeyed the summons of the court and submitted to its jurisdiction, to deny her a hearing merely because her husband declined to prosecute his charges against her after learning that she had come prepared to answer them.

Accordingly the case is to be remanded to the Superior Court for a hearing on the merits.

*So ordered.*