### GEORGE R. FIELD vs. IDA F. FIELD.

Middlesex.   May 17, 1920. — June 24, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Marriage and Divorce. Husband and Wife. Superior Court. Jurisdiction. Domicil. Words, "Lived together."*

A husband and wife after their marriage in this Commonwealth resided for three weeks in another State where the husband had his domicil and then came to a city in this Commonwealth where they remained for five weeks, during which the husband "worked in . . . [a] restaurant," thinking that he might settle in that city if he liked the conditions but never forming a definite intention to remain there. Thereafter they returned to the first State, where they lived until, over seven years later, the wife deserted the husband. Less than five years later, the husband brought a libel for divorce in this Commonwealth. *Held,* that the court had no jurisdiction of the libel, because the libellant had not lived in this Commonwealth for the five years last preceding the filing of the libel as required by R. L. c. 152, § 5, and the parties never had lived together as husband and wife in this Commonwealth as required by § 4.

The provision of R. L. c. 152, § 4, that, with certain exceptions, a decree of divorce cannot be granted, "if the parties never have lived together as husband and wife in this Commonwealth," means that, with those exceptions, the court has no jurisdiction of a libel for divorce if the parties never have been domiciled in this Commonwealth during their married life.

A man with a domicil in the State of Rhode Island, who comes to a city in Massachusetts, does not lose his domicil in Rhode Island and acquire one in Massachusetts until he has a definite and fixed intention to remain in and to become a resident of this Commonwealth.

LIBEL FOR DIVORCE, filed on August 28, 1919, alleging a marriage in Providence in the State of Rhode Island on February 1, 1908, and that thereafter the libellant and the libellee lived together in this Commonwealth at Fall River and Boston, and charging desertion by the libellee.

The libel was heard by *Hammond,* J. Material facts found by him are described in the opinion. He ruled that the parties never had lived together in this Commonwealth as husband and wife within the meaning of R. L. c. 152, § 4, and that the court had no

jurisdiction to entertain the libel, and reported the case to this court for determination, the libel to be dismissed if the ruling was right, and, if the ruling was wrong, a decree of divorce *nisi* to be entered.

The case was submitted on briefs.

*J. E. Crowley,* for the libellant.

No counsel appeared for the libellee.

CARROLL, J. The parties were married on February 1, 1908, in Fall River, where the wife was living, the husband at that time residing in Providence, in the State of Rhode Island, and being engaged there in business. After a wedding journey to Lowell they lived in Providence for about three weeks. In March or April, 1908, they went to Lowell and remained there five weeks, during which time the libellant "worked in . . . [a] restaurant." They then returned to Providence where they lived until November, 1915, when the libellee deserted the libellant. The husband continued to live in Providence for six months after the desertion, and in 1916 came to Waltham in this Commonwealth, where he has since resided.

The judge found that when the libellant and his wife went to Lowell, in March or April, he "thought that he might settle in Lowell if he liked the conditions, but that he never formed a definite intention to remain there;" that his going to Lowell did not work a change in his domicil, and it continued to be in Providence from the date of the marriage until he removed to Waltham. The libellant had not lived in this Commonwealth for "five years last preceding the filing of the libel" (R. L. c. 152, § 5), and the court had no jurisdiction to grant the libel if the libellant and the libellee had never lived together as husband and wife in this Commonwealth. R. L. c. 152, § 4. The provision in the statute that the parties must have lived together as husband and wife in this Commonwealth in order that a decree of divorce may be granted, means, that they had a domicil here. *Ross* v. *Ross,* 103 Mass. 575. *Weston* v. *Weston,* 143 Mass. 274. When the parties went to Lowell in March or April, 1908, the husband did not intend to make his permanent home in that city, — his stay depended upon circumstances. If conditions were favorable he might continue to live there; but he had no definite and fixed intention to remain and become a resident of that city and he did

not acquire a domicil in this Commonwealth. "A person cannot be said to lose a domicil or residence by leaving it with an uncertain, indefinite, half formed purpose to take up his residence elsewhere. . . . Until his purpose to remain has become fixed, he could not be said to have abandoned his former residence." *Worcester* v. *Wilbraham,* 13 Gray, 586, 590. *Olivieri* v. *Atkinson,* 168 Mass. 28. *White* v. *Stowell,* 229 Mass. 594.

*Winans* v. *Winans,* 205 Mass. 388, on which the libellant relies, is clearly distinguishable. In that case, when the libellee came to Boston with his wife he intended to reside permanently in this Commonwealth.

The ruling in the case at bar that the parties had never lived together in this Commonwealth as husband and wife within the meaning of R. L. c. 152, § 4, and that the court had no jurisdiction to entertain the libel, on the facts found was fully warranted, if not required.

*Libel dismissed.*