EMILINE A. LANDRY *vs.* ANTOINETTE LANDRY.

ANTOINETTE LANDRY *vs.* EMILINE A. LANDRY.

Cumberland.    Opinion January 27, 1922.

*Separation and intention to abandon the marital relation must concur to constitute*
*utter desertion as a ground for divorce. Living apart by mutual consent is not*
*sufficient. The continuity of the period of desertion is interrupted by service*
*of a libel for divorce upon the one in desertion. The bringing of a*
*libel for divorce does not of itself constitute an act of*
*desertion.*

Utter desertion, as a ground for divorce, is initiated by a separation, coupled with mental intention on the part of the deserter to abandon the marital relation. Where husband and wife are living apart by mutual consent, there is no desertion.

Where one spouse, being in desertion of the other, is libelled by the other for a matrimonial divorcement, the continuity of the desertion is thereby interrupted. But an effort, in good faith, to enforce a supposed legal right, though unsuccessful, would not brand the doer as one himself in culpable fault.

On exceptions. A libel for divorce brought by Antoinette Landry against Emiline A. Landry, in the Superior Court for the County of Cumberland, and a cross libel for divorce brought by libellee in the first libel against the libellant therein, utter desertion being alleged in each libel. Both cases were tried together before a jury and at the close of the evidence which consisted of the testimony of Antoinette Landry, libellant in the first case, libellee moved that the libel of his wife be dismissed on the ground of failure to prove utter desertion, which motion was granted and libellant excepted. Then the attorney for libellee in the second or cross libel moved that the cross libel of her husband be dismissed on the ground that the continuity of her desertion was interrupted by the filing of a prior libel by her husband alleging cruel and abusive treatment, which motion was granted, and libellant excepted. Exceptions overruled.

Case is fully stated in the opinion.
*Raymond S. Oakes*, for Emiline A. Landry.
*Harry E. Nixon*, for Antoinette Landry.

SITTING:  CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

DUNN, J.  The parties in these proceedings are husband and wife. Each would divorce the other from matrimony's bonds.  Both cases are without merit.

Marrying, in the spring of the year 1915, this couple lived together till September 1st, 1917.  The family purse was slender.  It was necessary, in order to make better provision for herself and child, that the wife go out to work.  She did so; her husband assenting. Incidentally, she went to her mother's to live, taking the baby along. The mother's house is nearby that in which the husband continued to stay.  From her mother's she went daily to work in a box shop. Back there she came when the factory-day was done.  The baby had first attention.  Then she hastened to her husband's to take supper with him.  On the first Saturday evening she took the baby to his father's house, where she and the child stayed until Sunday afternoon.  The next Saturday they did not go there, the father being away from home.

When matters had gone on for a little longer than the fortnight, a divorce libel was left with the wife in service.  In that libel the husband charged that toward himself his wife had been extremely cruel and cruelly abusive.  The wife did not afterwards take the baby to see his father.  She did not, however, discontinue her personal goings to that home until the libel was heard, somewhat more than two months later.

The case unsuccessfully met contest.  Holding it in light esteem, Justice Connolly of the Cumberland Superior Court directed a dismissal.  He did more.  Feeling that a reasonable effort by the complaining husband would lead to a reconciliation, the judge taxed his energies in that direction.  The wife was willing, even eager, to accede to his suggestions.  She told, witnessing in the present case, that to her it had seemed that the judge had brought about what he aimed to do, but her husband proved to be unyielding. They left the court.  The wife now ceased going to her husband's

as she had gone before, though she continued to go there to get the baby's milk, up to about the time that the husband filed a second libel, which he did some three weeks following the ending of the first; his libels being substantially identical in their allegations. The new attempt was no more successful than the old. It failed before a jury. Then the wife obtained a compulsory process for contribution to their child's support. Next, she had allotment from the husband's military pay, beginning three months later, and continuing for a year.

November 4th, 1920, Mrs. Landry filed a libel for matrimonial divorcement, charging an utter desertion of herself by her husband, continuous from the day that she and her child first went from his house to her mother's. Two days later the husband for the third time libelled the wife. He this time averred that on that self-same day in September, 1917, his wife unjustly deserted him. Jury trials were asked. The cases were jointly tried. When the wife's testimony had been given, and the evidence of previous libels had been introduced, her counsel moved to dismiss the husband's libel, and his counsel moved a dismissal of the wife's. Both motions were granted.

Mrs. Landry quit her husband's home with leave. To constitute desertion, separation and intention to abandon the marital relation must concur. *Lewis* v. *Lewis,* 167 Cal., 732; 52 L. R. A. (N. S.), 675; *Hardie* v. *Hardie,* 162 Pa. St., 227; 25 L. R. A., 697. A separation with the consent or acquiescence of the parties does not constitute desertion, no matter how long continued. *Lea* v. *Lea,* 99 Mass., 493; *Franklin* v. *Franklin,* 154 Mass., 515; *Freeman* v. *Freeman,* 82 N. J. Eq., 360; 49 L. R. A., (N. S.) 1042. Although Mrs. Landry was living elsewhere than under his roof, yet, in the eye of the law, the living separately being by consent, she was still living with her husband as his wife. Where husband and wife are living apart by mutual consent, there is no desertion. *Cooper* v. *Cooper,* 17 Mich., 205, 97 Am. Dec. 182. The rule is held to be the same when a wife lives apart from her husband, at his request, because of his inability to furnish satisfactory support for herself and her children. *Bennett* v. *Bennett,* 43 Conn., 313.

"To establish desertion," says Justice MORRILL, "three things must concur and must be proved; these are cessation from cohabitation continued for the statutory period, an intention in the mind of the deserter not to resume cohabitation, and the absence of the other party's consent to the separation." *Moody* v. *Moody,* 118 Maine,

454.    Of these threefold basic principles, which each case must possess or fail utterly, the intent or the determination not to resume cohabitation is a decisive characteristic.    Intent is essentially a question of fact; it must be proved as any other fact is proved.    Many a separation between husband and wife is attributable to necessity and not to obstinancy on the part of either.    An intention, a hope and desire to live together again may be fondly cherished by both husband and wife, no matter how wide the state of their separation.

This wife as a libellant is insistent that the pendency of her husband's first libel is decisive of the question of her desertion by him. Reliance is placed upon language in the opinion in *Moody* v. *Moody*, supra:

"When the libellant filed his former libel . . . and caused service to be made on the libellee, his act necessarily and conclusively imported an intention not to live with her; the absence of the libellee, if previous to that time it had been without his consent, was so no longer."

The excerpt, when the opinion is read at length, is found to be related to its context in a manner that is unmistakable.    Every case has its peculiarities.    In that of *Moody* v. *Moody*, a husband libelled his wife, alleging desertion.    In libelling her previously, while she already was living away from him, he had charged cruel and abusive treatment.    That libel, and still another libel, the latter stating additional grounds, were dismissed without prejudice, each in its turn.    Later on came the desertion libel.    The point in issue, when the last mentioned libel came up for consideration, concerned the effect to be given to it, in view of the first or the cruel and abusive treatment libel.    Decision plainly goes only to the extent of holding, that although, before the filing of the first libel, the wife may have been in desertion of her husband, yet, by the filing of that libel, the continuity of the period of her desertion was interrupted.    The husband, in consequence of the filing and the service of the libel, thereby thus defining his attitude to his wife:

I,—for what to me is sufficient reason—no longer wish for you to come back.    The door of my house is barred.

In the mental vision of the judge who spoke for the court, all the facts were swelling forward in a mass, in which the element of the husband's libel, still remaining plainly distinguishable, signified that man's intention of not longer living with his wife.    Nowhere is it intimated that that libel initiated a desertion of the wife by the

husband. A husband may rightfully leave his wife, for cause; to desert her would be wrongful. An effort in good faith, to enforce a supposed legal right, though unsuccessful, would not brand the doer as one himself in culpable fault.

Turning to the present case, and looking its facts in the face, Landry's first libel may have manifested an intention not to live with his wife. Without cause, as he weighed the situation? No! Because he felt her guilty of a wrong-doing.

In utter desertion time is reckoned for "three consecutive years next prior to the filing of the libel." R. S., Chap. 65, Sec. 2. Count backward in this case and, well within three years, the husband and the wife are living apart, by agreement; he is keeping his house open; there she comes and goes at will, taking supper with him every night; and all the while he is providing milk for their baby. The several elements of an utter desertion, as grounds for a divorce, are not present. There is no taint of error in the rulings of the Justice of the Superior Court. In each case the entry will be,

*Exceptions overruled.*