ELEANOR S. NEWTH *vs.* WALTER H. NEWTH.

Essex.    March 22, 1922. — May 29, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Marriage and Divorce. Superior Court. Jurisdiction. Words, "Lived . . .
in this Commonwealth."*

Under G. L. c. 208, § 4, providing that "A divorce shall not . . . be decreed if
the parties have never lived together as husband and wife in this Common-
wealth," the Superior Court has no jurisdiction of a libel for divorce brought by
a wife, who was married in another State to a man then domiciled in this
Commonwealth and who since her marriage never has been within this Com-
monwealth, although, until after the commission by the libellee of acts which
were alleged as grounds for divorce, the libellee's domicil had remained in
this Commonwealth.

LIBEL for divorce, filed in the Superior Court on March 12, 1921.

In the Superior Court the libel was uncontested and was heard
by *Cox, J.* Material facts found by him are described in the
opinion. The judge reported the case to this court upon the follow-
ing terms: That if on the facts reported the parties "lived together
as husband and wife in this Commonwealth" within the meaning
of R. L. c. 152, § 4 (now G. L. c. 208, § 4), so as to give the court
jurisdiction of the libel, then a decree *nisi* for cruel and abusive
treatment was to be entered for the libellant; otherwise the libel
was to be dismissed for lack of jurisdiction.

*T. Allen, Jr.,* for the libellant.

No counsel appeared for the libellee.

DE COURCY, J. The libellant and libellee were married in the
city of New York on September 30, 1918, and there remained and
cohabited until the libellee left the libellant in January, 1919.
The acts of cruel and abusive treatment, of which the libellee has
been found guilty, occurred there. In March, 1921, the libellee
removed to Jamaica, and was residing there when this libel was
commenced.

Prior to the marriage the libellant was domiciled in the city
of New York, and the libellee in Lynn in this Commonwealth.
The trial judge has found as a fact that the domicil of the husband
continued to be in Lynn during the time the acts complained of

were committed. See *Labonte* v. *Labonte,* 210 Mass. 319, 320. We assume in favor of the libellant that upon her marriage her domicil became that of her husband. Prior to and including the date of the libel she never was physically present in this Commonwealth.

The statute applicable to this case, R. L. c. 152, § 4 (see now G. L. c. 208, § 4), provides "A divorce shall not . . . be decreed if the parties have never lived together as husband and wife in this Commonwealth; nor for a cause which occurred in another State or country, unless before such cause occurred, the parties had lived together as husband and wife in this Commonwealth, and one of them lived in this Commonwealth at the time when the cause occurred." The contention of the libellant is that the word "live" in the statute relates to the domicil of the party, where he is deemed in law to reside; and that the requirement of living together as husband and wife in this Commonwealth, or living in this Commonwealth when the cause of divorce occurred, is satisfied if the legal domicil of the parties was in this jurisdiction.

It is undoubtedly true that in order to give the court jurisdiction under this section the parties must have a domicil here. *Ross* v. *Ross,* 103 Mass. 575. *Friedrich* v. *Friedrich,* 230 Mass. 59, 60. Mere residence here would not suffice if the parties never were domiciled in this Commonwealth during their married life. *Field* v. *Field,* 236 Mass. 256. On the other hand, domicil alone, without cohabitation, will not satisfy the requirements of this statute; even residence without cohabitation is not sufficient to give jurisdiction. As was said in *Weston* v. *Weston,* 143 Mass. 274, 275: "We cannot escape from the literal meaning of the statute, which is not satisfied with residence merely, but requires the parties to have 'lived together as husband and wife.'" In that case both parties resided in Massachusetts, but lived apart and had no communication with each other. In *Schrow* v. *Schrow,* 103 Mass. 574, where the parties apparently were domiciled in Massachusetts, and both lived at the same time in this Commonwealth but in separate cities and without cohabiting, the libel was dismissed on the ground that the parties never "lived together as husband and wife" within the meaning of the statute. These two cases govern the present one. *Franklin* v. *Franklin,* 154 Mass. 515, was brought under another section, applicable where

the libellant had resided here for five years last preceding the filing of the libel.

A similar construction has been placed by this court on the language of the workmen's compensation act, creating a conclusive presumption of the total dependency of "A wife upon a husband with whom she lives at the time of his death." In *Nelson's Case,* 217 Mass. 467, 469, it was said: "With whom she lives" means "living together as husband and wife in the ordinary acceptation and significance of these words in common understanding. They mean maintaining a home and living together in the same household, or actually cohabiting under conditions which would be regarded as constituting a family relation." See also *Gallagher's Case,* 219 Mass. 140; *McDonald's Case,* 229 Mass. 454, 455, and cases collected.

As the parties never "lived together as husband and wife in this Commonwealth," in accordance with the report the libel is to be dismissed for lack of jurisdiction.

*So ordered.*