GRACE M. HAYES *vs.* THOMAS E. HAYES.

Norfolk. March 3, 1926. — May 27, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Marriage and Divorce. Domicil. Probate Court,* Jurisdiction: in divorce proceedings.

Upon the hearing of a libel for divorce brought by a wife in the Probate Court in 1924, it appeared that the parties were married in another State in 1922 and lived there for a few weeks; that the libellee disappeared, and later the libellant came to Medfield in this Commonwealth; that she and her husband "stayed one night in a room . . . in Boston"; that the "following morning the libellant returned to said Medfield"; that she called on the libellee and talked with him about establishing a home; that at this time he assaulted her. The judge found that the parties had not lived together in this Commonwealth

as husband and wife, and that the husband had not established a domicil in this Commonwealth. *Held*, that

(1) Under G. L. c. 208, § 4, the court had no jurisdiction;

(2) The words of the statute, denying jurisdiction unless the parties have "lived together as husband and wife in the Commonwealth," mean that the parties must have acquired a domicil in this Commonwealth;

(3) The judge's findings were warranted;

(4) Because the libellant and her husband were together for one night in this Commonwealth, it did not follow that they had established a domicil here or had lived here together as husband and wife within the meaning of the statute.

LIBEL for divorce, filed in the Probate Court for the county of Norfolk on October 18, 1924.

The libel was heard by *McCoole*, J. Material facts found by him are stated in the opinion. By his order a decree was entered dismissing the libel. The libellant appealed.

*F. D. McCarthy*, (*W. J. Patron* with him,) for the libellant.

No argument nor brief for the libellee.

CARROLL, J. In this libel for divorce, no appearance was entered for the libellee. No commissioner was appointed to take and report the testimony. The judge found that the parties were married in 1922 in Philadelphia, and lived for a few weeks in Pennsylvania; that the libellee disappeared, and later the libellant came to Medfield in this Commonwealth; that she and her husband "stayed one night in a room . . . in Boston"; that the "following morning the libellant returned to said Medfield"; that she called on the libellee and talked with him about establishing a home; that at this time he assaulted her.

The judge found that the libellee had been guilty of cruel and abusive treatment; but found that the parties had not lived together in this Commonwealth as husband and wife, that the husband had not established a domicil in this Commonwealth, that the libellant had not resided in the Commonwealth for five years next prior to the date of the filing of her libel, and entered a decree dismissing the libel for want of jurisdiction.

The courts of this Commonwealth have no jurisdiction to grant a divorce if the parties have never lived together as husband and wife in Massachusetts, G. L. c. 208, § 4, unless

the libellant has lived here for five years last preceding the filing of the libel or the parties were inhabitants of the Commonwealth when married and the libellant has lived here for three years.  G. L. c. 208, § 5.  The words of the statute, requiring that the parties must have "lived together as husband and wife in the Commonwealth" mean that the parties must have acquired a domicil in this Commonwealth.  *Shaw* v. *Shaw*, 98 Mass. 158.  *Schrow* v. *Schrow*, 103 Mass. 574.  *Ross* v. *Ross*, 103 Mass. 575.  *Friedrich* v. *Friedrich*, 230 Mass. 59, 60.  The domicil of the parties was a question of fact.  *White* v. *Stowell*, 229 Mass. 594.  *Feehan* v. *Tax Commissioner*, 237 Mass. 169.  *Hutchins* v. *Browne*, 253 Mass. 55, 57.  Because the libellant and her husband were together for one night in this Commonwealth, it did not follow that they had established a domicil here or lived together as husband and wife within the meaning of the statute.  As the evidence is not reported, the finding of the judge on the questions of fact must stand.  He was right in finding as he did.  There was no error in deciding that the Probate Court was without jurisdiction.

*Decree dismissing the libel affirmed.*