MARION L. BROOKS-BISCHOFFBERGER

*vs.*

EDWARD J. BISCHOFFBERGER.

Cumberland.     Opinion March 20, 1930.

*Joseph E. F. Connolly,* for petitioner.
*Bernard A. Bove,* for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, JJ.

DUNN, J.   If one doubts the validity of his marriage, he may file a libel for annulment or affirmance, according to the proof.

R. S., Chap. 65, Sec. 15. Jurisdiction is restricted to the legislation on the subject.

In the case at bar, the statute was followed with appropriate libel and process. The libelee appeared by counsel, and filed an answer.

The answer did not supersede the necessity of proofs, nor in any degree lighten the burden of the libelant in establishing her allegations. On her side, there was full hearing. No evidence was offered by the libelee.

The marriage was affirmed. The libelant reserved exceptions.

The exceptions, three in all, recognize that the form of marriage had been observed, but assert that evidence of mutual agreement to be husband and wife, is wanting.

Libelant witnessed that her married sister, twelve years her senior, dared libelant and libelee to marry, and that they took the dare. After notice, requisite by statute, of their intended marriage, a ceremony was performed.

Libelant was twenty years of age. She lived with her mother in Naples, in Cumberland county. The libelee was nineteen years and six months old. His home was with his parents in the State of Pennsylvania. Acquaintance between libelant and libelee began in Naples; they kept company there, beginning in June of 1927.

An analysis of the course of events, as gathered from the record, shows that they went to Fryeburg, in Oxford county, and filed intentions of marriage. This, on September 7, 1927.

There were recitals, in the intentions, that the libelant resided in Massachusetts, and that the age of the libelee was twenty-one years.

If the parties really planned to go through a marriage ceremony, in reaction to a dare, without reality of consent, the idea must have existed for five days; that time elapsed from filing notice of intentions to issuance of the certificate, or license.

A magistrate solemnized the marriage in the town of Brownfield. The sister was present.

"I was willing to be married — believed I was actually married," testified the libelant.

Supper was had with the sister, in Naples; then libelant went to

the home of her mother; libelee went to that of his brother, who, too, lived in Naples.

Next morning, libelant left for Boston.

A week later, libelee came there. The single day of his stay was spent with libelant and her mother. In the evening, they took him to his train. Libelant has not since seen him.

The marriage was not consummated. Consummation by coition is unnecessary in the case of a ceremonial marriage. *Franklin* v. *Franklin*, 154 Mass., 515.

The parties corresponded. At first, a letter came to libelant every day; then, less frequently, and still less frequently; eventually, no letter came. The letters were affectionate and recognized the marriage.

Two months passed before the mother was told of the ceremony of September 12, 1927.

The libel bears date January 2, 1929.

The evidence, and fair inference from the evidence, which is as truly evidence as is the principal fact from which the evidence flows, amply sustain the finding of marriage.

Two young persons, one in school, the other ambitious for college, resolve to marry. Ordinarily, the motives behind the appearance of a consent which was clearly manifested will not be examined. 38 C. J., 1300.

For two years and a half, for the purpose of consenting to marriage, the libelant had been adult. The man in the case was eighteen months under age.

On statements, deliberately false as to the residence of one party and the age of the other, a marriage license had been obtained; then, the journey to the magistrate, and the ceremony.

As has been seen, the libelant was above the age of statutory consent, and the libelee, while more than fourteen years, the common-law age of marriage competency, was not twenty-one years old. True, the statute forbids the issuance of a license to a male minor having no consenting parents in the state, but no statute declares that the marriage shall be void. *Inhabitants of Hiram* v. *Pierce*, 45 Me., 367.

Secrecy, while on its face unfavorable to, does not necessarily

negative, marriage. Secrecy is an explainable circumstance, frequently existing from politic reasons and valid incentives. 18 R. C. L., 392.

That secrecy should weigh for this libelant, loses the whole basis for argument, for publicity is just what it was wished to avoid.

Libelee wished to enter the University of Michigan, but did not.

Libelant then wrote him to look for work. His reply was he could get nothing to do, and "couldn't see his way clear to have me."

With great insistence, and with great apparent sincerity, counsel for libelant urges sympathetic consideration for his client.

Objection to this is that, for all civil purposes, the libelant and libelee are husband and wife.

Marriage is a status. *Gregory* v. *Gregory*, 78 Me., 187.

It is a status wherein public policy rises superior to mere sympathy.

*Exceptions overruled.*