MYRTLE PATRICIA MADISON PEACE *vs.* WAYNE PEACE.

Hampden.   October 5, 1972. — October 24, 1972.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & KAPLAN, JJ.

*Divorce,* Jurisdiction.  *Jurisdiction,* Divorce.  *Probate Court,* Rehearing.

Where a wife resident in Massachusetts less than seven months
    brought a libel for divorce alleging a cause of action arising out-
    side the Commonwealth, but no order of notice was ever issued
    for service on the non-resident libellee, this court would not decide
    the constitutionality of the jurisdictional residency requirements
    of G. L. c. 208, §§ 4 and 5, dealing with divorce, without an attempt
    to bring the libellee within the jurisdiction of the Probate Court,
    but returned the case to the Probate Court for the issuance of
    an order of notice or other appropriate process for service on
    the libellee. [538–539]

LIBEL for divorce filed in the Probate Court for the
county of Hampden on November 4, 1971.

The libel was dismissed by *Smith, J.*

*William P. Fitzgerald* for the libellant.

QUIRICO, J.   This libel for divorce was entered in the
Probate Court on November 4, 1971.   It alleged that
the parties were married in Pennsylvania on November
13, 1960, that they had last lived together as husband
and wife in that State, that "at Chester, Pennsylvania
on or about the third day of April 1971 and at divers
other times and places the said libellee was guilty of
cruel and abusive treatment towards your libellant,"
that the "cause of action for divorce occurred outside
the Commonwealth," and that the "libellant has resided
in this Commonwealth since April 14, 1971."   The
libellee is described as a resident of Chester, Pennsyl-
vania.   No order of notice was ever issued for service
on him, and he has filed no appearance submitting him-
self to the jurisdiction of the Probate Court.   On Novem-
ber 5, 1971, a judge of the Probate Court dismissed the

Peace *v.* Peace.

libel and the case is before us on the libellant's appeal from the decree of dismissal.

In a report of material facts filed on November 17, 1971,[1] the judge stated that because "[t]he listed cause for divorce occurred outside this Commonwealth, and the libellant has resided in this Commonwealth since April 14, 1971, . . . this Court does not appear to have jurisdiction to hear this libel." He therefore dismissed the libel for lack of jurisdiction and cited G. L. c. 208, §§ 4 and 5, as the basis for his action. Section 4 provides that: "A divorce shall not, except as provided in the following section, be decreed if the parties have never lived together as husband and wife in this commonwealth, nor for a cause which occurred in another jurisdiction, unless before such cause occurred the parties had lived together as husband and wife in this commonwealth, and one of them lived in this commonwealth at the time when the cause occurred." The allegations of the libel do not bring the case within the provisions of this section. Section 5, as amended through St. 1969, c. 162, provides in part that "[i]f the libellant has lived in this commonwealth for two years last preceding the filing of the libel if the cause occurred without the commonwealth, . . . a divorce may be decreed for any cause allowed by law, unless it appears that the libellant has removed into this commonwealth for the purpose of obtaining a divorce." The allegations of the libel do not bring the case within the provisions of this section since the alleged cause for divorce had "occurred without the commonwealth," and the libellant had not "lived in this commonwealth for two years last preceding the filing of the libel." [2] This court has held in several cases that

---

[1] Since the judge held no hearing and received no evidence, the report is a statement of facts alleged in the libel. The report states that the judge discussed the allegations with the libellant's counsel who "confirmed the allegations."

[2] The libellant took up residence in this Commonwealth on April 14, 1971, which was eleven days after the libellee's alleged cruel and abusive treatment toward her in Chester, Pennsylvania, on April 3, 1971. If "it appears that the libellant has removed into this commonwealth for the purpose of obtaining a divorce," the express language of § 5

on facts similar to those of the present case the Probate Court is without jurisdiction to grant a divorce. *Hayes* v. *Hayes*, 256 Mass. 97. *Old Colony Trust Co.* v. *Porter*, 324 Mass. 581, 586. See *Field* v. *Field*, 236 Mass. 256; *Kisley* v. *Kisley*, 322 Mass. 676.

The report of material facts states that counsel for the libellant "claimed that these sections [G. L. c. 208, §§ 4 and 5] were invalid and in derogation of the Constitution, and decided to make this a test case." The case was presented to this court solely on the basis of the original record of pleadings in the Probate Court and on the brief and the oral argument of counsel for the libellant. Counsel contends that the "two year durational residence requirement" of §§ 4 and 5 "violates the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment of the United States Constitution." In support of this contention he relies heavily on the 1969 decision in *Shapiro* v. *Thompson*, 394 U. S. 618, involving a statutory durational residence requirement for eligibility for welfare benefits and the 1972 decision in *Dunn* v. *Blumstein*, 405 U. S. 330, involving a statutory durational residence requirement for eligibility for voter registration. No brief or oral argument was presented to this court in support of the constitutionality of the statute under attack.

It is the opinion of this court that such an ex parte presentation without the issuance of process for service on the libellee and an attempt to bring him within the jurisdiction of the Probate Court is not a satisfactory basis upon which to require our decision of such an important constitutional question. "Only when the impact of a statute upon particular individuals, who have both the opportunity and the incentive to defend their rights by argument, and upon a set of definite facts established after genuine controversy, has been shown, can a court decide a constitutional question with confi-

would deny her the benefit of the exceptions contained therein. This question of fact was not heard or decided by the judge and is not an issue in the present appeal.

dence that relevant considerations have not been over-looked." *Bowe* v. *Secretary of the Commonwealth,* 320 Mass. 230, 246. In order that the constitutional question raised in the present case may, if possible, be presented to this court in the course of an actual controversy in adversary proceedings and with the benefit of findings of essential facts by a judge, the decree dismissing the libel is reversed. The case is returned to the Probate Court for the issuance of an order of notice or other appropriate process for service on the libellee. See G. L. c. 208, § 8, and Rules 41, 41A and 42 of the Probate Courts (1959, Rule 41A adopted 1972). After the service of such order of notice or other process the case shall proceed in due course. In connection therewith the Probate Court shall consider the appointment of counsel for the libellee if the latter so desires and is indigent. In making this disposition of the present case this court makes no decision and intimates no opinion on the constitutionality of G. L. c. 208, §§ 4 and 5.

*So ordered.*